[Civ. No. 45627. Second Dist., Div. Four. July 24, 1975.]

SUSAN A. MENGE, Plaintiff and Respondent, v.
FARMERS INSURANCE GROUP, Defendant and Appellant.

**COUNSEL**

Early, Maslach, Boyd & Leavey and Harry Boyd for Defendant and Appellant.

Schmitz, Amato, Pettler & Schmitz and Peter D. Pettler for Plaintiff and Respondent.

**OPINION**

**KINGSLEY, J.**—Plaintiff filed a class action against defendant insurance company, seeking an injunction against the distribution of certain solicitation material, alleged to be inaccurate and misleading. After proceedings lasting over 11 months, the parties entered into a stipulated judgment which, in effect, granted plaintiff the relief sought. The judgment also ordered defendant to pay the sum of $7,500 to plaintiff's

attorneys for their services in connection with the proceeding. The notice of appeal is from the entire judgment. However, defendant's briefs attack only the portion of the judgment awarding attorney fees. For the reasons hereinafter stated, we reverse that portion of the judgment and affirm the remainder.[1]

On this appeal, defendant contends:

(1) That the attorneys are not entitled to fees because they were not the effective cause of the ultimate settlement:

(2) That the fees awarded are excessive; and

(3) That, in any event, there is no jurisdiction in the trial court to award fees as against the defendant in a class action of this nature.

## I

The first two contentions are without merit. (a) Regarding the first contention, defendant's argument is that the action ultimately agreed upon was the result of pressure from the Insurance Commissioner and of its own business decision. In its oral decision, at the close of the case, the trial court said:

"I think, too, that the corrections here were made as a result of a combination of pressures, not only from the insurance commissioner's office, but, undoubtedly, there was pressure being brought, of course, by this class action, and I think both of the forces contributed to the eventual solution of this problem.

"It is very difficult for any of us to say which force exerted the greater pressure, whether it was the insurance commissioner or the movement of this class action, but the Court is satisfied that both of those pressures were being brought against Farmers and, as the Court indicates, all credit to Farmers for admitting the error of their first mailing, which, of course, the insurance commissioner pointed out to them, which was joined in by the plaintiffs here.

---

[1] It is stated in 4 Witkin, California Procedure (2d ed. 1971) Judgment, section 116, page 3268, that "an award directly to the attorney, who is not a party to the action, is void." However, defendant does not attack that feature of the judgment, limiting its attack to the ground that any award, in the case at bench, was improper.

"I think that the class action here has served a contributing and effective part of the result which has been obtained. . . .

" . . . . . . . . . . . . . . .

"So the Court is convinced that the plaintiffs' counsel have contributed in a substantial way to the result that has been achieved, and it is true there were, as in any movement by defendants, there is pressures from different areas.

"The Court feels that there has been substantially enough pressure and contribution to the settlement here to warrant the allocation of attorney's fees and costs to the plaintiffs' attorneys for the good work that they have done in initiating this case and helping solve the problems."

That court had observed the numerous law and motion proceedings, chiefly instigated by defendant, and was aware of the successive actions taken by defendant after the lawsuit was filed. We cannot say that its factual determination, expressed above, was erroneous.[2]

(b) Similarly, the second contention fails. Defendant contends that, if the lawsuit had any effect, that effect stopped when it was filed and served. However, again, the trial court found against defendant on that issue. It said:

"The Court feels that plaintiffs' counsel have pursued this case with great diligence and with excellent expertise and brought the matter to what the Court considers to be a fine settlement.

"Counsel on both sides have declined to suggest to the Court what they think would be a reasonable fee in this case, so the Court does not have any guidance as to dollar amounts and has only the guidance set forth in the plaintiffs' moving papers and in the defendants' response.

"I have reviewed the file which is before me and given consideration to the various factors, including the time that the Court has spent, and

[2]Plaintiffs have moved, pursuant to rule 23(b), California Rules of Court and section 909 of the Code of Civil Procedure, to take evidence in this court, consisting of certain documents, allegedly discovered only after trial and allegedly proving that the present lawsuit was the major event inducing the ultimate settlement. Since we find in the record before us sufficient to sustain the plaintiffs' position on that point, the tendered evidence would be only cumulative. The motion is denied.

with counsel, and had the opportunity, fortunately, with our several hearings to gauge counsel's activities in carrying this matter forward, so the Court's order concerning attorney's fees is as follows:

"Defendant Farmers shall pay to the plaintiffs' counsel the sum of $7,500 attorney's fees and $42 for costs." The value of the services rendered by plaintiff's counsel was a matter peculiarly within the knowledge of the trial court. We cannot second guess its determination.

II

We turn, then, to the major issue in this appeal: may a defendant, in the kind of class action herein involved, be ordered to pay the fees of the plaintiff's counsel?

Ordinarily, attorney fees may be awarded only where they are provided for by statute,[3] by a contract between the parties,[4] or where the plaintiff recovers or preserves a common fund. (4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 116, p. 3267.[5]) Fees also may be awarded in the case of a stockholder's derivative action, even though the judgment preserves valuable rights but does not award money damages. (*Fletcher* v. *A. J. Industries, Inc.* (1968) 266 Cal.App.2d 313 [72 Cal.Rptr. 146].)

Although, at the time the trial court acted, there was federal authority for an award of attorney fees where the plaintiff, acting as a "private attorney general," sues to enforce a public right (see *Sims* v. *Amos* (D.C. Ala. 1972) 340 F. Supp. 691), the United States Supreme Court has since rejected that concept. (*Alyeska Pipeline Service Co.* v. *The Wilderness Society* (1975) 421 U.S. 240 [44 L.Ed.2d 141, 95 S.Ct. 1612].) In *D'Amico* v. *Board of Medical Examiners* (1974) 11 Cal.3d 1, 27 [112 Cal.Rptr. 786, 520 P.2d 10], and in *Bozung* v. *Local Agency Formation Commission* (1975) 13 Cal.3d 483 [119 Cal.Rptr. 215, 531 P.2d 783], the Supreme Court expressly refused to pass on the question of whether the "private attorney general" rule existed in California.[6]

[3]*Cf. Knoff* v. *City & County of San Francisco* (1969) 1 Cal.App.3d 184 [81 Cal.Rptr. 683] (award sustained by provision in city charter; fund created; public benefit).

[4]Code of Civil Procedure, section 1021.

[5]*Cf. Melendres* v. *City of Los Angeles* (1975) 45 Cal.App.3d 267 [119 Cal.Rptr. 713].

[6]And see: *People* ex rel. *Department of Public Works* v. *Bosio* (1975) 47 Cal.App.3d 495, 530-532 [121 Cal.Rptr. 375].

The contention of plaintiff is that the doctrines of "private attorney general" and of the *Fletcher* case (*supra*, 266 Cal.App.2d) should be extended to all class actions in which the litigation conferred a benefit on defendant, even though it did not create a monetary fund to which the fees could be charged.

Defendant contends that that doctrine, assuming its existence, is inapplicable here because the litigation did not benefit the defendant. As to that issue the trial court said: "I think it is readily apparent that the possibilities of there being a number of lawsuits filed when people discovered that the guaranteed benefits coverage and the uninsured motorist coverage were different, that the court system could be saddled with a number of individual litigations, and perhaps even a class action or two which, hopefully, is being avoided by the steps which the defendant took here and by discontinuance and by this mailing."

Obviously, the "benefit" to the defendant in the case at bench differs from the benefit to the corporate defendant in *Fletcher*. Since we conclude that an award of attorney fees was improper in this case even if it did involve a recognizable "benefit" to the defendant, we need not determine whether the kind of benefit referred to by the trial court is analogous to the "benefit" involved in *Fletcher*.

Assuming, but not deciding, that the trial court was correct in its finding of a "benefit," the case at bench turns on a simple proposition of law: may a court, sitting in equity, in a class action, award fees to plaintiff's attorney where no fund has been created, some benefit to the defendant resulted, but the special status of a corporate stockholder plaintiff does not exist?

We have not found, and we are not cited to, any case in California that adopts such a broad rule. In light of the rejection by the United States Supreme Court of the "private attorney general" concept, and of the reluctance of our own Supreme Court to approve it, it would be highly inappropriate for this court to pioneer to the extent plaintiffs ask us. If California is to adopt the broad rule, it must either be by legislative action or by a decision of the Supreme Court.

The portion of the judgment awarding attorney fees is reversed; the remainder of the judgment is affirmed. Neither party shall recover costs in this court.

Files, P. J., and Dunn, J., concurred.

A petition for a rehearing was denied August 11, 1975, and respondent's petition for a hearing by the Supreme Court was denied October 9, 1975. Mosk, J., was of the opinion that the petition should be granted.