[Nos. 11731, 11795.   Department One. — April 20, 1889.]

THEODORE P. PAINTER, RESPONDENT AND APPELLANT, *v.* ESTATE OF J. B. PAINTER ET AL., APPELLANTS AND RESPONDENTS.

ESTATE OF DECEDENT — RESISTING CLAIM PRESENTED BY EXECUTOR — ATTORNEY'S FEE FOR SERVICES ON APPEAL. — Under section 1510 of the Code of Civil Procedure, when an attorney is appointed by the superior court to defend an action on a claim presented against the estate by an executor, he is entitled to a fee for his services rendered in the supreme court on an appeal from a judgment against the claimant. If the judgment be affirmed, the fee for services in the supreme court does not form part of the cost-bill, but is to be afterwards fixed by the superior court. Upon its allowance by the superior court, the fee becomes an incident of the judgment against the claimant.

APPEAL from an order of the Superior Court of the city and county of San Francisco taxing a cost-bill, and from an order fixing an attorney's fees.

Theodore P. Painter, the executor of the last will of J. B. Painter, deceased, claiming to be a creditor of the deceased, presented his claim to the judge of the superior court for allowance. The claim was rejected by the judge, and thereafter this action was brought by the claimant to establish it. After the action was brought Warren Olney was appointed by the court, un-

der the provisions of section 1510 of the Code of Civil Procedure, to defend the action on behalf of the estate. He did so successfully, both in the superior court and in the supreme court. After the filing of the *remittitur* in the superior court, the estate filed its memorandum of costs on the appeal taken by Theodore P. Painter, including therein an item of one thousand dollars for attorney's fees on the appeal. The court afterwards, on motion of Theodore P. Painter, ordered this memorandum of costs stricken from the files. From this order the estate appealed, the appeal being numbered 11731. After striking the memorandum of costs from the files, the court, on motion of the estate, made an order allowing it one thousand dollars as attorney's fee on the appeal. From this order Theodore P. Painter appealed, the appeal being numbered 11795. The further facts are stated in the opinion.

*Warren Olney,* and *James K. Byrne,* for the Estate.

*C. H. Parker,* and *Edward J. Pringle,* for Theodore P. Painter.

FOOTE, C.—An attorney was appointed by the superior court to resist a claim against an estate, under section 1510 of the Code of Civil Procedure. He did so successfully in the superior court, and was allowed $250 for such service. The case was then heard upon appeal in the supreme court, and the judgment affirmed. (68 Cal. 396.) Upon the going down of the *remittitur* the attorney presented for allowance, in the court below, a cost bill, including a fee of one thousand dollars for his services in the appellate court. A motion was made to strike out the fee from the cost-bill. The motion was granted, and from it an appeal was taken by the attorney, the matter in the appellate court being numbered 11731.

Apprehending, perhaps, that this was not the proper way in which to have the court fix his fees, the attorney

then moved, upon notice, that the superior court fix a reasonable fee for services performed by him in the appellate court. The court below granted the motion, and fixed the fee at one thousand dollars. From that order an appeal is taken by T. P. Painter, the plaintiff, and the cause is numbered 11795. Both appeals were argued and submitted together.

With reference to the first contention, it is clear that the fee was no part of the cost-bill. It was not for the attorney but for the proper court to fix the fee for his services. In a case concerning a similar matter, the supreme court entertained the view just expressed. (*Rapp* v. *Spring Valley Gold Co.*, 74 Cal. 533.)

The portion of the section of the Code of Civil Procedure, *supra*, pertinent to the second matter of controversy, is:—

"If the claimant recovers no judgment, he must pay all costs, including defendant's reasonable attorney's fees, to be fixed by the court."

It was not positively ascertained that the plaintiff did recover "no judgment" until the appellate court acted on his appeal. Then it was finally declared that he could have no judgment. The estate stood as much in need of an attorney in the appellate as in the lower court.

Under that statute, no attorney's fee could be fixed or allowed by any tribunal for services performed before the appellate court by the attorney appointed by the superior court, until the court of last resort had made it a finality that the plaintiff was entitled to "no judgment." The language of the section cited certainly indicates that the same court which was to allow the costs was to fix the "reasonable fees" for the attorney so appointed.

This authority given the court could only be exercised when the fee, now in dispute, was to be allowed by an order made after final judgment, and the allowance is necessarily an incident to such judgment when given against the claimant as plaintiff in the action.

. A reasonable attorney's fee was as just and proper for services in the upper as in the lower court. The *amount* fixed by the latter tribunal is not objected to. The superior court was familiar with the condition of the estate, the services already performed under its supervision, and was fully competent in the light of such knowledge to declare what was a reasonable fee for services rendered in the appellate court.

If the supreme court had in all cases the burden thrown upon it of determining such matters, where oral testimony would often have to be heard as to the proper fee to be fixed, including such facts as the value of the estate, its condition, and the amount of service performed, it would be very inconvenient, and perhaps not so easy of ascertainment as in the court where the estate is held in charge and the proceedings are first begun. It is therefore reasonable to suppose that the legislature intended to leave, as a matter of original jurisdiction, the fixing of all fees contemplated by the section *supra* to the superior court. Its discretion has been fairly exercised, and in a manner very similar to what was done in the case of *Ex parte Winter,* 70 Cal. 291, approved in *Larkin* v. *Larkin,* 71 Cal. 330.

We therefore advise that both orders appealed from be affirmed.

BELCHER, C. C., concurred.

HAYNE, C., took no part in this decision.

· The COURT.—For the reasons given in the foregoing opinion. the orders are affirmed.