[Civ. No. 33095. Second Dist., Div. One. Apr. 18, 1969.]

AMERICAN CITY BANK, Plaintiff and Appellant, v. ROBERT ZETLEN et al., Defendants and Respondents.

Gerald Lipsky and Hillel Chodos for Plaintiff and Appellant.

Harold Rubins for Defendants and Respondents.

LILLIE, J.—Plaintiff bank sued to recover the balance due on a promissory note which provided that in the event of default plaintiff shall be entitled to recover reasonable attorney's fees in any action brought to collect thereon. On an order granting plaintiff's motion for summary judgment, judgment was entered in plaintiff's favor and against defendants for $7,469.09, which included interest, costs and attorney's fees. Defendants appealed from the judgment which was affirmed by this court. (*American City Bank* v. *Zetlen,* 253 Cal.App.2d 548 [61 Cal.Rptr. 311].) Thereafter defendants' petition for hearing was denied by the Supreme Court of California and on October 16, 1967, remittitur was filed in the superior court.

Fifteen days after the judgment became final plaintiff filed Notice of Motion for Attorney's Fees together with Declaration of Gerald Lipsky[1] and Memorandum of Points and Authorities. By its motion plaintiff sought an order of the superior court requiring defendants to pay reasonable attorney's fees incurred by it on defendants' appeal "on the ground that the agreement of the parties, on which the complaint and judgment are based, provides for the recovery of reasonable attorney's fees by plaintiff; and on the ground that $1,500.00 is a reasonable sum." The motion was denied, not on the merits but because "the superior court has no jurisdiction to award attorney's fees on appeal, after appeal, without direction or authority from the Appellate Court."[2]

The record on appeal from the judgment (*American City Bank* v. *Zetlen,* 253 Cal.App.2d 548 [61 Cal.Rptr. 311]) reflects no request by plaintiff for attorney's fees on appeal and no provision therefor made by this court in its decision or

[1] Mr. Lipsky's declaration in part states: "From and after the date of entry of judgment in the trial court in the within action, and until the present time, in excess of thirty (30) hours of legal time have been expended in connection with this matter" in connection with the appeal and the preparation, filing and argument of the motion for additional attorney's fees, and concluded that $1,500 was a reasonable amount for legal services on appeal.

[2] "Motion denied. In the absence of some authority in the Remittitur or Decision on appeal, the Superior Court has no jurisdiction to change the Judgment entered herein on August 17, 1966. The remittitur awards 'Costs to respondent,' but 'costs' do not include attorney's fees. To the extent it can be determined from the cases, it would seem that the Superior Court has no jurisdiction to award attorney's fees on appeal, after the appeal, without direction or authority from the Appellate Court . . . ."

in the remittitur. Thus the sole issue is whether after the judgment became final the superior court had jurisdiction to entertain plaintiff's motion for attorney's fees on appeal and thereon make an award without authority having been conferred on it by the Court of Appeal.

It is well settled that where a promissory note provides for the recovery of reasonable attorney's fees incurred in the enforcement thereof it includes an allowance for legal services rendered on appeal as well as in the trial court. However, which court makes the order fixing attorney's fees on appeal depends on the procedure utilized by the appellate court. Inasmuch as this court has the authority to set reasonable attorney's fees for services rendered on appeal (*Martindell* v. *Bodrero,* 256 Cal.App.2d 56, 62-63 [63 Cal.Rptr. 774]; *Coronet Credit Corp.* v. *West Thrift Co.,* 244 Cal.App.2d 631, 649 [53 Cal.Rptr. 433]), it may, as it frequently does, outright grant the request for such fees and order payment thereof; or if it does not elect to assume the burden of determining the amount of the fee it may direct the superior court after the remittitur is filed to hear an application for attorney's fees for services rendered on appeal and fix the reasonable amount thereof.

Appellant relies on *Painter* v. *Estate of Painter* (1889) 78 Cal. 625 [21 P. 433], and *Oakland Cal. Towel Co.* v. *Roland,* 93 Cal.App.2d 713 [209 P.2d 854], to support its argument that the determination of reasonableness of fees on appeal rests with the trial court. While it is true that the amount of the fee may be determined by the superior court, it is clear from these two cases that for the court to hear an application for fees on appeal after the judgment becomes final jurisdiction must be conferred on it by the appellate court or by statute. In *Painter* the attorney's fees involved were statutory fees; section 1510, Code of Civil Procedure, had left as a matter of original jurisdiction the fixing of fees contemplated therein to the superior court (78 Cal. at page 628). In *Oakland Cal. Towel Co.,* plaintiff in its brief requested attorney's fees on appeal; the appellate court by order allowed 30 days from the filing of the remittitur in which plaintiff could file its motion for counsel fees on appeal in the superior court (93 Cal.App.2d at page 719).

Under then section 1510, Code of Civil Procedure (now § 703, Prob. Code), the trial court in *Painter* v. *Estate of Painter,* 78 Cal. 625 [21 P. 433], had appointed an attorney to resist a claim filed against the estate; he was successful and

for his services allowed a reasonable fee. Upon termination of appellate proceedings and the filing of the remittitur he moved the trial court to fix a reasonable fee for services performed by him on the appeal; the motion was granted and appeal was taken from the order. Affirming the order the Supreme Court declared that it would not accept the burden of determining factual matters relative to fixing a proper fee and that "It is therefore reasonable to suppose that the legislature intended to leave, as a matter of original jurisdiction, the fixing of all fees contemplated by the section *supra* [Code Civ. Proc., § 1510] to the superior court." (P. 628.) No statutory fees were involved in *Oakland Cal. Towel Co.* v. *Roland*, 93 Cal.App.2d 713 [209 P.2d 854]. The parties there had contracted for reasonable attorney's fees incurred by the lessor in the enforcement of the terms of a written agreement. On defendant's appeal from the judgment plaintiff in its brief made a proper request that the Court of Appeal allow additional fees on appeal (p. 718). After citing *Painter* to the effect that the reasonableness of the award is a matter for the determination of the trial court, the appellate court held "In accordance with the above, the trial court, if it be so inclined, may allow a *reasonable* fee for services on appeal," and made the following order: "The judgment is affirmed. The motion for counsel fees on appeal may be filed within 30 days from the date of the filing of the remittitur." (P. 719.) Implicit in the foregoing order is recognition of the fundamental fact that after the remittitur is filed the trial court has no authority to entertain a motion for counsel fees on appeal unless authority is conferred on it by the appellate court. Otherwise, if after the judgment becomes final the trial court has jurisdiction to hear such a motion as urged by appellant herein, its jurisdiction would continue thereafter for a reasonable time and there would be no reason for the appellate court to allow plaintiff time in which to file its motion, nor could the appellate court divest the trial court's jurisdiction by fixing a time which might under the circumstances be less than reasonable. Thus, in a suit on a note providing for reasonable attorney's fees, once the trial court derives authority from the Court of Appeal by decision or remittitur, it may after the judgment becomes final entertain a proper application for attorney's fees on appeal and fix the amount thereof.

The procedure set up in *Oakland Cal. Towel Co., supra,* was followed in each of the following three cases discussed by appellant and on which the trial court herein based its order.

In *Berven Carpets Corp.* v. *Davis,* 210 Cal.App.2d 206 [26 Cal.Rptr. 513], defendants appealed from a judgment rendered against them in an action on a promissory note. Said the court at page 217: "Finally we consider the matter of attorneys' fees on appeal. Plaintiff requests that, in the event of an affirmance, the case be remanded to the trial court for the purpose of fixing a reasonable fee to be paid its counsel for their services on this appeal. It is beyond dispute that such request finds a legal basis in the provisions of the promissory note. No legal cause exists for its refusal. (*California Viking Sprinkler Co.* v. *Cheney* (1960) 182 Cal.App.2d 564, 571-572 [6 Cal.Rptr. 197]; *Oakland Cal. Towel Co.* v. *Roland* (1949) 93 Cal.App.2d 713, 718-719 [209 P.2d 854].) As the above cases hold, 'the determination of the amount of the fees rests with the trial court upon an appropriate showing as to the nature of the services and the related facts.' (*California Viking Sprinkler Co.* v. *Cheney, supra,* at p. 572.)

"The judgment is affirmed and the cause is remanded with directions that the trial court determine a reasonable attorneys' fee for services performed on appeal and add such fee to the principal amount of the judgment." Pursuant to request that the remittitur direct the trial court to determine the amount of attorney's fees on appeal, this court in *California Viking Sprinkler Co.* v. *Cheney,* 182 Cal.App.2d 564 [6 Cal.Rptr. 197], affirmed the judgment and directed "the trial court to determine a reasonable attorney's fee for services performed on appeal and to add such fee to the principal amount of the judgment." (P. 572.) Respondent in *Richard* v. *Degen & Brody, Inc.,* 181 Cal.App.2d 289 [5 Cal.Rptr. 263], requested that the court declare him to be entitled to attorney's fees for services on appeal on the ground that the attorney fee provision in the contract included services on appeal and the record indicated that the trial judge limited his award to services performed down to the date of judgment. The court said: "If that be the case, as we think it is, the procedure outlined in *Oakland Cal. Towel Co.* v. *Roland, supra,* 93 Cal.App.2d 713, 719, seems appropriate," (p. 300) then ordered, "The plaintiff may file in the superior court a motion for attorney fee on appeal within 30 days from date of filing of remittitur." (P. 304.)

The import of the foregoing cases suggests our conclusion that no authority to hear and determine the matter of attorney's fees for services rendered on appeal having been conferred on the trial court by the Court of Appeal in its

decision or the remittitur (*American City Bank* v. *Zetlen*, 253 Cal.App.2d 548 [61 Cal.Rptr. 311]), the trial court was without jurisdiction after the judgment became final to hear plaintiff's motion for counsel fees on appeal.

The order is affirmed.

Wood, P. J., and Thompson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 18, 1969.