[Civ. No. 40361. Second Dist., Div. One. Feb. 5, 1973.]

JOHN HERBERT ROBERTS, Plaintiff and Respondent, v.
EARL W. BRIAN, as Director, etc., Defendant and Appellant.

## COUNSEL

Evelle J. Younger, Attorney General, Elizabeth Palmer, Acting Assistant Attorney General, Edward M. Belasco and Melvin R. Segal, Deputy Attorneys General, for Defendant and Appellant.

James A. Broderick, Jr., and Brian J. Kennedy, for Plaintiff and Respondent.

## OPINION

**LILLIE, J.**—John Roberts, an indigent, required individualized nursing care because of frequent seizures which in the absence of prompt medical aid would cause his death. The Department of Health Care Services denied him Medi-Cal benefits, and after a hearing the director ordered that no provisions under the Medi-Cal program permitted payment for attendant care for a patient in Roberts' position. Thereafter Roberts' petition for writ of mandate was granted by the superior court and it entered its judgment vacating the director's order, issuing peremptory writ of mandate, remanding the matter to the director for further proceedings and awarding Roberts for and on account of attorneys' fees reasonably incurred the sum of $500. The director appealed from this judgment and a post-judgment order requiring him to supply needed care pending resolution of the appeal, and obtained supersedeas staying the latter order. Subsequently the Court of Appeal heard the case on the merits and reversed the judgment. (*Roberts* v. *Brian,* 2d Civ. No. 37899.) Petition for hearing was granted by the California Supreme Court which quashed the supersedeas, then after oral argument vacated the opinion of the Court of Appeal and directed that a judgment favorable to Roberts be entered. It did not affirm the original superior court judgment because it and the findings and conclusions of law contained unnecessary language holding certain Medi-Cal regulations to be unconstitutional as applied to Roberts (*Roberts* v. *Brian,* 6 Cal.3d 1, 10 [98 Cal.Rptr.

50, 489 P.2d 1378]), thus it reversed the judgment, remanded the cause to the superior court with directions to modify its findings of fact and conclusions of law and judgment to conform to the views expressed in its opinion, and ordered that "The trial court shall retain jurisdiction over the cause after remand to the director to ensure that petitioner receives the necessary nursing care during the pendency of further administrative proceedings." (P. 11.)

In conformance with the Supreme Court's directions, the trial court modified its findings of fact and conclusions of law; granted petition for attorney's fees finding that in addition to the sum of $500 previously awarded, counsel is entitled to compensation for services on appeal in the reasonable sum of $7,500; and entered judgment. It is from that portion of the judgment ordering additional fees the director appeals.[1]

The main thrust of appellant's argument for reversal is that inasmuch as the Supreme Court remanded the cause to the superior court specifically for modification of its findings and conclusions of law and judgment, the latter had no power to do anything more than give effect to its directions, and was without jurisdiction to make an award of attorneys' fees for services rendered on appeal. He cites *Estate of La Motta,* 7 Cal.App.3d 960, 965 [86 Cal. Rptr. 880]; *Snoffer* v. *City of Los Angeles,* 14 Cal.App.2d 650, 653 [58 P.2d 961]; and *Lial* v. *Superior Court,* 133 Cal.App. 31, 33-34 [23 P.2d 795], for the general proposition that when a cause is remanded, not for retrial, but with directions to give effect to the decision on appeal, the trial court can take no further proceedings except such as are necessary to give effect to the appellate decision; and *American City Bank* v. *Zetlen,* 272 Cal.App.2d 65, 69-70 [76 Cal.Rptr. 898], in support of his position that the trial court was without power to award attorneys' fees.

The foregoing authorities do not dictate a reversal here. First, as in *Painter* v. *Estate of Painter,* 78 Cal. 625 [21 P. 433], the attorneys' fees involved are statutory, and were properly left to the trial court. Section 1510, Code of Civil Procedure, governing fees in *Painter* left as a matter of original jurisdiction the fixing of fees to the superior court (p. 628); section 10962, Welfare and Institutions Code, as part of the provision for judicial review herein, provided, among other things, that "The applicant or recipient shall be entitled to reasonable attorney's fees and costs, if he obtains a decision in his favor." In the particular circumstances Roberts did not obtain a decision in his favor until the cause was remanded to the superior court and it modified its findings and judgment under directions

[1]Subsequent to the entry of this judgment, Roberts died, and on September 5, 1972, James A. Broderick, one of his counsel, was appointed administrator of his estate and substituted in the place and stead of Roberts for these proceedings.

of the Supreme Court. Second, as " 'A contract for a reasonable attorney's fee in enforcing its provisions embraces an allowance for legal services rendered upon appeal as well as during the trial.' [Citations.]" (*Wilson* v. *Wilson*, 54 Cal.2d 264, 272 [5 Cal.Rptr. 317, 352 P.2d 725]; *Cirimele* v. *Shinazy*, 134 Cal.App.2d 50, 52 [285 P.2d 311, 52 A.L.R.2d 860]) so too does the statute here. (See *Painter* v. *Estate of Painter*, 78 Cal. 625 [21 P. 433].) Paraphrasing *Painter*, Roberts stood as much in need of an attorney in the appellate as in the lower court (p. 627). Third, unlike *American City Bank* v. *Zetlen*, 272 Cal.App.2d 65 [76 Cal.Rptr. 898], wherein motion was made in the trial court for counsel fees on appeal after judgment became final, Roberts moved for legal fees and the motion was granted on the hearing on modification of findings after remand from the Supreme Court six days before findings of fact and conclusions of law as modified were filed and judgment was entered; and the award of fees became a part of said findings and judgment. Fourth, jurisdiction vested in the trial court by virtue of the Supreme Court's remand of the cause thereto for modification of its findings of fact and conclusions of law and judgment to conform to its views expressed in *Roberts* v. *Brian*, 6 Cal.3d 1 [98 Cal.Rptr. 50, 489 P.2d 1378]; and by order of the Supreme Court jurisdiction remained therein even after remand to the director to ensure that Roberts would receive the necessary nursing care during the pendency of further administrative proceedings. Fifth, under the circumstances Roberts did all he could to protect his right to fees for appellate legal services. In respondent's reply brief in the first appeal (2d Civ. No. 37899) he sought attorneys' fees of not less than $3,500 for appellate services. No fees were or could be awarded by the Court of Appeal because it reversed the judgment, and under section 10962 Roberts was not then entitled to fees because he failed to obtain "a decision in his favor," the condition required for entitlement to fees. Sixth, the award of fees by the trial court was not only proper but necessary to give full effect to the Supreme Court's decision. Having considered Roberts' petition for hearing and reply brief in 2d Civil No. 37899 as petitioner's briefs, the Supreme Court was aware of his request for fees for appellate legal services; it also knew that the trial court had awarded for and on account of attorneys' fees reasonably incurred in that court the sum of $500 (*Roberts* v. *Brian*, 6 Cal.3d 1, 10, fn. 6 [98 Cal.Rptr. 50, 489 P.2d 1378]). Reflected in the Supreme Court opinion is its careful examination, analysis and interpretation of the governing Medi-Cal regulations to the end of finding a way to grant Roberts relief in a life and death situation (p. 10), and conclusion that although the regulations were not promulgated with Roberts' requirements in mind, nevertheless they do provide a means by which his medical needs can be met and his life prolonged (p. 11). Surely

intended by the Supreme Court as part of the full recovery afforded Roberts, which by its remand and directions was to be implemented by the trial court through modification of its findings of fact and conclusions of law and judgment, was a reasonable award for the appellate legal services that made such recovery possible and ultimately resulted in "a decision in his favor." In fact, no appellate fees could be set until Roberts obtained a favorable decision; such a decision was not obtained until the trial court in accord with the directions of the Supreme Court modified its findings and entered judgment. Then and only then was Roberts entitled to a reasonable allowance for fees, and such award properly became a part of the modified findings of fact and conclusions of law and judgment. ■ We conclude, therefore, that implicit in the opinion was the intention of the Supreme Court (1) to give Roberts, an indigent, complete relief which necessarily included not only the individualized nursing care he so desperately needed but reasonable attorneys' fees and, (2) to enable the trial court, by its remand of the cause with directions, in giving effect to its decision to take all necessary steps to modify findings of fact and conclusions of law and judgment accordingly.

After hearing the motion for fees and considering the declaration of petitioner's counsel, the trial court fixed the sum of $7,500 as a reasonable amount for legal services on appeal in addition to the original $500 award for those rendered up to the original judgment. The declaration and the record before the Court of Appeal (2d Civ. No. 37899) and the Supreme Court, amply support the discretion exercised by the trial court in fixing the sum of $7,500.

Counsel for the administrator of Roberts' estate requests this court to allow him reasonable attorneys' fees for services rendered on this appeal. In light of the foregoing, we conclude that he is entitled to attorneys' fees on this appeal, and find that $1,000 is a reasonable sum to be allowed for that purpose.

That portion of the judgment from which this appeal has been taken is affirmed; defendant is ordered to pay for and on behalf of attorneys' fees on this appeal the sum of $1,000.

Wood, P. J., and Clark, J., concurred.