[L.A. No. 30307. In Bank. Feb. 13, 1975.]

RICHARD BOZUNG et al., Plaintiffs and Appellants, v.
LOCAL AGENCY FORMATION COMMISSION OF VENTURA
COUNTY et al., Defendants and Respondents;
KAISER AETNA, Real Party in Interest and Respondent;
CITY OF THOUSAND OAKS, Intervener and Respondent.

**COUNSEL**

Carlyle W. Hall, Jr., John R. Phillips, Brent N. Rushforth and Fredric P. Sutherland for Plaintiffs and Appellants.

No appearance for Defendants and Respondents, Real Party in Interest and Respondent and Intervener and Respondent.

**OPINION**

**THE COURT.**—After we filed our opinion in this case plaintiffs made a motion for an award of reasonable attorneys fees incurred in connection with the appeal, to be assessed against defendant Local Agency Formation Commission of Ventura County and defendant City of Camarillo, on the following stated grounds: "(1) Respondent Ventura County Local Agency Formation Commission and the citizens of the County and respondent City of Camarillo and its citizens were substantially benefitted by Appellants' successful appeal; and (2) Appellants, without hope of monetary recovery, acted as private attorneys general

and successfully carried the extremely difficult and heavy burden of enforcing important environmental laws violated by Respondents."

This motion raises questions of law which have not been decided in this state (see *D'Amico* v. *Board of Medical Examiners* (1974) 11 Cal.3d 1, 24-27 [112 Cal.Rptr. 786, 520 P.2d 10]) and which we could not properly decide without full briefing and opportunity for oral argument. Moreover, since our jurisdiction to rule on the motion may arguably be dependent on continuing jurisdiction over the appeal, we would be compelled to grant a rehearing in this case to afford time adequately to rule on the merits of the motion and at the same time insure our jurisdiction to do so. Finally we note that a motion for attorneys fees raises issues of fact both as to the underlying circumstances that may give rise to the right to fees and as to the amount thereof if such right is found to exist.

In view of the foregoing considerations we conclude that plaintiffs' motion should properly be addressed to the trial court, whose ruling thereon may thereafter be reviewed on appeal, and that to avoid delaying finality of our judgment on the merits of the appeal we should not at this time express any opinion on the legal issues presented by plaintiffs' motion with respect to whether or not there may be an award of attorneys fees in this sort of litigation.

Accordingly, plaintiffs' motion for an award of attorneys fees is denied without prejudice to their right to make a similar motion in the trial court. In the event that such a motion is made, the superior court is ordered to hear and determine it, and if it concludes that plaintiffs are entitled to a reasonable attorneys fee for services performed on appeal to be assessed against defendants, to fix the amount thereof. (See *American City Bank* v. *Zetlen* (1969) 272 Cal.App.2d 65, 67 [76 Cal.Rptr. 898].) The clerk is directed to incorporate the foregoing orders in the remittitur to be issued in *Bozung* v. *Local Agency Formation Com.,* L.A. 30307 (reported at *ante,* p. 263 [118 Cal.Rptr. 249, 529 P.2d 1017]), and to include therewith a certified copy of this opinion.

These orders are final forthwith.