[Civ. No. 39307. First Dist., Div. Two. Nov. 29, 1976.]

PLUMBING, HEATING AND PIPING EMPLOYERS COUNCIL OF NORTHERN CALIFORNIA et al., Plaintiffs and Appellants, v. JAMES L. QUILLIN et al., Defendants and Respondents.

COUNSEL

Chickering & Gregory, Robert W. Tollen and D. Wayne Jeffries for Plaintiffs and Appellants.

Louis Giannini, Marilyn Lazar, Guy T. Gurney, John Davidson and Charlotte C. Danforth for Defendants and Respondents.

OPINION

**TAYLOR, P. J.**—On this appeal by Plumbing, Heating and Piping Employers Council, et al. (hereafter Employers Council) from a portion of an order dated April 5, 1976, denying its motion for attorney's fees, pursuant to Government Code section 800, the only question is whether the trial court abused its discretion. We affirm, as the record indicates that the question of whether there was any arbitrary or capricious

conduct by defendants, the State Labor Commissioner and his deputies[1] (hereafter Labor Commissioner) was not timely raised.

The merits of the instant matter were before this court (Division Three) in *Plumbing, Heating, etc. Council* v. *Howard* (1975) 53 Cal.App.3d 828 [126 Cal.Rptr. 406]. On December 18, 1975, Scott, J. reversed the judgment of the superior court and directed the granting of a preliminary injunction to restrain the Labor Commissioner from proceeding to enforce a wage claim by Terry P. Craig. The sole issue on the prior appeal was the construction of the second sentence of Labor Code section 229,[2] a question of first impression. On the basis of federal authorities[3] and legislative policy, the court held that Labor Code section 229 precluded the Labor Commissioner from hearing and enforcing a claim for collection of alleged due and unpaid wages by an employee who belongs to a union that had entered into a collective bargaining agreement which contains an arbitration clause (*supra*, pp. 832-833).

On March 2, 1976, after the remittitur had issued and the decision became final,[4] the Employers Council sought, in its "Memorandum of Costs on Appeal," an award of attorney's fees, pursuant to Government Code section 800.[5]

---

[1] The clerk's transcript reflects the original defendants: Robert E. Howard, State Labor Commissioner; Malvern P. Mayo, deputy state labor commissioner; and Terry P. Craig, an individual. Craig is not a party to the instant appeal. At the oral argument on appeal the parties stipulated that the name of the current Labor Commissioner was to be substituted.

[2] "Actions to enforce the provisions of this article for the collection of due and unpaid wages claimed by an individual may be maintained without regard to the existence of any private agreement to arbitrate. This section shall not apply to claims involving any dispute concerning the interpretation or application of any collective bargaining agreement containing such an arbitration agreement."

[3] As the holding was consistent with the federal authorities, the preemption issue was not reached. No issues pertaining to attorney's fees or section 800 were raised in the prior appeal.

[4] Pursuant to California Rules of Court, rule 24(a), the decision of this court became final 30 days after December 18, 1975. The state Supreme Court denied a hearing on February 11, 1976, and our remittitur was issued on February 17, 1976.

[5] All subsequent references to code sections refer to the Government Code, unless otherwise indicated. Section 800 provides, so far as pertinent: "*In any civil action to appeal or review the award, finding, or other determination of any administrative proceeding* under this code or under any other provision of state law, except actions resulting from actions of the State Board of Control, *where it is shown that the award, finding, or other determination of such proceeding was the result of arbitrary or capricious action or conduct by a public entity or an officer thereof in his official capacity, the complainant if he prevails in the civil action may collect reasonable attorney's fees*, but *not to exceed one thousand five hundred dollars* ($1,500), where he is personally obligated to pay such fees, from such

The Labor Commissioner then filed its "Motion to Tax Costs," objecting to the inclusion of the section 800 attorney's fees, and Employers Council responded with its "Countermotion" for attorney's fees. The court denied the relief requested by Employers Council and granted the motion[6] of the Labor Commissioner.

Preliminarily, we note Employers Council's understandable confusion as to the correct procedure for application to the trial court for an award of attorney's fees incurred on appeal, as it filed both a "Memorandum of Costs on Appeal" and a "Countermotion" for attorney's fees. Support of both procedures is found in the case law (*Painter* v. *Estate of Painter,* 78 Cal. 625, at p. 627 [21 P. 433], held that attorney's fees were ". . . no part of the cost-bill," and that the correct procedure to assure an award of attorney's fees was a motion in the trial court). *T. E. D. Bearing Co.* v. *Walter E. Heller & Co.,* 38 Cal.App.3d 59 [112 Cal.Rptr. 910], however, stated, at page 62, that ". . . where attorneys' fees are awarded pursuant to statute . . . they are costs."[7] In addition, California Rules of Court, rule 26(a), pertaining to costs on appeal, does not list attorney's fees incurred on appeal as a recoverable item. ■ We deem irrelevant the procedure a party uses to assert a claim of attorney's fees incurred on appeal, whether by memorandum or motion, as long as the allegation has been properly placed before the trial court in some fashion (*Rutherford* v. *Board of Trustees,* 37 Cal.App.3d 775, 782 [112 Cal.Rptr. 560]).

■ Employers Council, conceding that the Division of Labor Law Enforcement (now Division of Labor Standards Enforcement, hereafter Division) was never a party, argues that to disallow attorney's fees on this mere formality would place form above substance and defeat the objective of section 800, and that the Labor Commissioner may be considered a public entity within the meaning of the statutes, as he is the chief of the Division (Lab. Code, § 21), and is charged with performing the duties here involved (Lab. Code, §§ 92, 93). We agree, and find entirely without merit the Labor Commissioner's contention that since

public entity, in addition to any other relief granted or other costs awarded.

"This section is ancillary only, and shall not be construed to create a new cause of action." (Italics added.)

[6]Employers Council has not appealed from the portion of the order granting the Labor Commissioner's motion to tax costs for attorney's fees.

[7]Also in accord are *American City Bank* v. *Zetlen,* 272 Cal.App.2d 65 [76 Cal.Rptr. 898], relying on *Painter* v. *Estate of Painter,* 78 Cal. 625 [21 P. 433]; *Oakland Cal. Towel Co.* v. *Roland,* 93 Cal.App.2d 713 [209 P.2d 854]; and *Roberts* v. *Brian,* 30 Cal.App.3d 427 [106 Cal.Rptr. 360].

the Division was never a party to the instant action, no attorney's fees may be awarded against it. We further note that the statute on its face does not necessitate the joining of the public entity to the civil action as a prerequisite to an award of attorney's fees.

Moreover, the Division cannot claim lack of notice. The record indicates that the Labor Commissioner was a party to the prior action and defended the instant proceeding in his official capacity. Thus, notice to the Labor Commissioner, for purposes of section 800, must be deemed notice to the Division. Accordingly, we conclude that under the circumstances of the present case, the failure to join the Division as a party is not fatal to an award of attorney's fees.

Section 800, quoted in footnote 5 above, prescribes four conditions for the recovery of attorney's fees: 1) a civil action to appeal or review an administrative proceeding; 2) the complainant must prevail against a public entity or official; 3) arbitrary or capricious action by the public entity or official; and 4) the complainant is personally obligated to pay the fees. On this appeal, Employers Council contends that it met all of the requirements of the statute and that the trial court abused its discretion in denying attorney's fees. The Labor Commissioner concedes that there was a civil action in which Employers Council prevailed, but challenges the jurisdiction of the trial court and the application of the statute on the last two grounds.

█ As we recently indicated in *Healdsburg Police Officers Assn.* v. *City of Healdsburg,* 57 Cal.App.3d 444, 457 [129 Cal.Rptr. 216], the statute provides for the award of reasonable attorney's fees only if the administrative decision resulted from the arbitrary or capricious action of a public entity. The question is one of fact (*Midstate Theatres, Inc.* v. *Board of Supervisors,* 46 Cal.App.3d 204 [119 Cal.Rptr. 894]; *Madonna* v. *County of San Luis Obispo,* 39 Cal.App.3d 57, 62 [113 Cal.Rptr. 916]). The phrase arbitrary or capricious encompasses conduct not supported by a fair or substantial reason (*Madonna, supra,* p. 62), stubborn insistence on following an unauthorized course of action (*Midstate, supra*), and a bad faith legal dispute (*Healdsburg, supra,* p. 457).

No prior case, however, has dealt with the precise question of when the factual issue of arbitrary or capricious conduct that is the prerequisite for an award of attorney's fees, pursuant to section 800, is to be determined by the trial court. None of the other statutes providing for

attorney's fees contain a prerequisite of arbitrary and capricious action on the part of the losing party. The usual language is that the "prevailing party" is to recover attorney's fees.[8] The major exceptions are Civil Code sections 1747.50, 1747.60 and 1747.70, which create a new cause of action for treble damages for wilful errors by credit card issuers and retailers. The trial court usually is faced with the simple question of determining whether the fees sought are reasonable, a matter on which it is an expert, and that it can readily determine. In view of the express statutory limit of $1,500, the reasonableness of the attorney's fee, pursuant to section 800, is not a major issue. ■ The factual issue of arbitrary or capricious conduct, however, is more complex, inextricably related to the merits, and may require a searching factual inquiry by the trial court to ascertain whether there was a bona fide legal dispute or arbitrary and capricious action. *Rutherford* v. *Board of Trustees, supra,* at page 782, indicates that the matter should be raised along with the merits. This has been the manner in which the issue has reached the appellate courts in the context of section 800 (*Healdsburg, supra,* p. 457; *Midstate Theatres, supra,*

---

[8]See Business and Professions Code section 7398 (action for damages against a school of cosmetology); Business and Professions Code section 17082 (action under the Unfair Practices Act); Civil Code section 1717 (attorney fees in contract actions); Civil Code section 1811.1 (action on an installment account); Civil Code section 2983.4 (action under Automobile Sales Finance Act); Civil Code sections 4370 and 4371 (dissolution of marriage); Civil Code sections 4425 and 4456 (proceeding to adjudge marriage a nullity); Code of Civil Procedure section 386.6 (interpleader and stakeholder actions); Code of Civil Procedure sections 580c, 726 and 730 (mortgage foreclosure actions and trustee's sales); Code of Civil Procedure section 836 (libel or slander action); Code of Civil Procedure sections 1246.3 and 1246.4 (eminent domain and inverse condemnation actions); Code of Civil Procedure section 1031 (action to recover wages for labor performed not exceeding $300); Code of Civil Procedure section 1423 (escheat proceedings where counsel other than Attorney General is employed); Code of Civil Procedure sections 2019 and 2034 (sanction for failure to comply with discovery); Corporations Code sections 830 and 834 (actions against corporate officers, directors and employees and stockholders' actions); Agricultural Code section 65600 (action to recover table grape assessments); Government Code section 800 (civil action to establish that an award, finding or other administrative decision was arbitrary or capricious); Health and Safety Code section 7100 (action to compel interment); Probate Code section 910 (probate proceedings); Public Resources Code section 27428 (successful actions for civil penalties and injunctive relief under the California Coastal Zone Conservation Act of 1972); Streets and Highways Code sections 5412, 5421 and 6615 (assessment and bond lien foreclosure actions); Welfare and Institutions Code sections 903.1 and 904 (legal services performed in juvenile proceedings by public defender or private counsel appointed by juvenile court); Welfare and Institutions Code section 5326.5 (actions for civil penalties for violating sections 5326.3 and 5326.4 covering requirements for psychosurgery and shock treatments); Welfare and Institutions Code section 10962 (action for judicial review of an administrative hearing concerning an application or the receipt of aid); Welfare and Institutions Code section 19709 (action for judicial review of matter determined by Vocational Rehabilitation Appeals Board). The additional authorities cited by Employers Council at oral argument pertain to Civil Code section 1717 and are, therefore, not pertinent here.

p. 213; *Madonna, supra,* p. 62). This approach is also in accord with the express language of section 800 that it is ancillary only and does not create a new cause of action.

The record here indicates that neither the question of the arbitrary or capricious nature of the action of the Labor Commissioner or that Employers Council was, in fact, personally obligated to pay the attorney's fees, was raised in the preliminary injunction action, nor placed before any court at any stage of the prior appeal.[9]

As to whether or not the trial court here had jurisdiction to determine the issue, the Labor Commissioner erroneously relies on *Mandel* v. *Hodges,* 54 Cal.App.3d 596 [127 Cal.Rptr. 244], *People* ex rel. *Dept. Pub. Wks.* v. *Bosio,* 47 Cal.App.3d 495 [121 Cal.Rptr. 375], and *Bozung* v. *Local Agency Formation Com.,* 13 Cal.3d 483 [119 Cal.Rptr. 215, 531 P.2d 783]. His reliance on these authorities is entirely inapposite, as none dealt with the issue of the propriety of awarding attorney's fees when authorized by statute. We are aware that the question of nonstatutory attorney's fees is presently pending before our Supreme Court in *Serrano* v. *Priest* (L. A. No. 30398). ■ While it is generally true that a trial court's jurisdiction is defined by the terms of a remittitur and any action beyond that is void (*Skaggs* v. *City of Los Angeles,* 138 Cal.App.2d 269 [291 P.2d 572, 292 P.2d 572]), a trial court has jurisdiction to award to a prevailing party reasonable attorney's fees incurred on appeal after a judgment becomes final if authority to do so is conferred on it by statute (*T. E. D. Bearing Co., supra,* p. 62).

---

[9]*Olson* v. *Hickman,* 25 Cal.App.3d 920 [102 Cal.Rptr. 248], arguably indicates that the matter could have been properly raised even before the prior judgment was final. Because of its unusual facts, we do not see *Olson* as general authority for the proposition that pursuant to section 800, a trial court has the power to determine factual issues other than the reasonableness of the fee after a judgment has become final. In *Olson,* the petitioner sought a writ of mandate from the trial court directing his reinstatement with the county tax assessor's office. After the trial court denied the writ, the appellate court reversed in an unpublished opinion. After the decision had become final as to the Court of Appeal, but not the Supreme Court and, therefore, before the remittitur was issued, the appellate court granted a stay of remittitur to consider petitioner's motion for attorney's fees pursuant to section 800 that had become effective during the pendency of the appeal. As the unpublished opinion reversing the denial of the writ had termed the actions of the county assessor as "discriminatory and illegal" and "sharply discriminatory," the appellate court concluded in *Olson,* at page 923, that a local public agency had been guilty of "arbitrary and capricious" conduct within the meaning of section 800. The appellate court then directed the trial court to award $1,000 to petitioner for attorney's fees incurred on appeal, more than 30 days after its original decision. In contrast to the later cases discussed above, we see *Olson* as a unique occurrence based on the nonrecurring time factor of the effective date of the statute.

The Labor Commissioner, however, argues that Bearing and other authorities are distinguishable, as in each instance the language of the particular statute was mandatory.[10] We note that no reference was made to that fact in any of the opinions; in each instance, the determinative factor was the existence of specific statutory authority to grant attorney's fees. ■ To us, the only meaningful distinction between mandatory and permissive statutes in this context is that in the former the court must act, whereas in the latter the court may choose not to act, even though it has the power to do so. Furthermore, we think that the language of section 800 is mandatory in intent. If the four prescribed conditions are met, the trial court must award reasonable attorney's fees, provided the prevailing complainant so desires.

The use of the word "may" in the statute relates to the desire of the complainant and does not render the jurisdiction of the court discretionary. ■ The fundamental rule of statutory construction is that the court should ascertain the intention of the Legislature in effectuating the purpose of the law (*People* v. *Taylor,* 46 Cal.App.3d 513 [120 Cal.Rptr. 762]). Legislative intent is best determined by the language of the statute (*Hutchins* v. *Waters,* 51 Cal.App.3d 69 [123 Cal.Rptr. 819]). Although section 800 states that the complainant may collect reasonable attorney's fees, the clear meaning is that the complainant, if he prevails and makes the prescribed showing, has the power to demand attorney's fees if he so desires; he need not collect them if he does not so desire. Our interpretation of section 800 is compatible with the assumed intent of the Legislature to protect individuals from arbitrary and capricious acts of public entities and their officials.

■ Even assuming that the use of the term "may" in section 800 is ambiguous as to whether the trial court must award the attorney's fees under the prescribed conditions, the ambiguity should be resolved in favor of a mandatory intent. While generally "may" is permissive (§ 14), the term is not so construed where the context requires otherwise (§ 5; *In re Covina Argus-Citizen,* 177 Cal.App.2d 315, 318 [1 Cal.Rptr. 184]). We cannot believe that the Legislature intended to leave the award of attorney's fees to the whim or caprice of the trial court (cf. *Hollman* v. *Warren,* 32 Cal.2d 351, 356 [196 P.2d 562]), where the conditions of section 800 have been met (see also Gaylord, *An Approach to Statutory*

---

[10]*Painter* v. *Estate of Painter,* 78 Cal. 625, 627 [21 P. 433], involved former Code of Civil Procedure section 1510; *Roberts* v. *Brian,* 30 Cal.App.3d 427, 429 [106 Cal.Rptr. 360], involved Welfare and Institutions Code section 10962, and *T. E. D. Bearing Co.* v. *Walter E. Heller & Co.,* 38 Cal.App.3d 59 [112 Cal.Rptr. 910], Civil Code section 1717.

*Construction* (1973) 5 Sw. U. L.Rev. 349, 367-368). Accordingly, we hold that where the prevailing complainant has made the showing prescribed by section 800, he must be awarded attorney's fees, if he so desires.

However, here, for the reasons previously indicated, the statute is of no help to Employers Council. It does not permit a determination by this court of the factual issue of arbitrary or capricious action which was inexorably related to the merits. The issue should have been raised along with the merits.[11] Even assuming otherwise, in the absence of a record that establishes the statutory conditions for an award of fees, we do not think the trial court here abused its discretion or erred in denying the motion (cf. *Rutherford* v. *Board of Trustees,* 37 Cal.App.3d 775, 782 [112 Cal.Rptr. 560]). It does not permit, after an appeal has become final, a determination by the trial court of the factual issue of whether the Labor Commissioner was guilty of arbitrary or capricious action (cf. *Gassman* v. *Governing Board,* 18 Cal.3d 137, 148-149 [133 Cal.Rptr. 1, 554 P.2d 321]).

Affirmed.

Kane, J., and Rouse, J., concurred.

[11]In view of this conclusion, we need not reach the question of whether the fourth condition of the statute, the personal obligation to pay, was met.