[No. F009639. Fifth Dist. Aug. 31, 1988.]

MST FARMS et al., Plaintiffs and Respondents, v.
C. G. 1464 et al., Defendants and Appellants.

COUNSEL

Gary M. Cooper for Defendants and Appellants.

Isham & Lynch, Richard B. Isham, Plotkin & Rapoport and Deborah Lee Anderson for Plaintiffs and Respondents.

OPINION

BEST, J.—The sole issue on this second appeal in this action is whether a trial court has jurisdiction to award attorney fees to a prevailing party on appeal, as costs pursuant to Civil Code[1] section 1717, notwithstanding the absence of explicit direction to do so from the appellate court either in its opinion or in its remittitur.

In the first appeal to this court, in case No. F005857, MST FARMS et al. (plaintiffs) appealed from a judgment in favor of C. G. 1464 et al. (defendants). In an unpublished opinion affirming the judgment below, this court ordered, "Defendants are awarded their costs on appeal." Accordingly, our remittitur provided, "Respondent(s) to recover costs." After the remittitur was filed, defendants, pursuant to section 1717, filed a motion in the superior court requesting additional attorney fees incurred in defending the appeal. Following a hearing the trial court denied defendants' request for

---

[1] All statutory references are to the Civil Code unless otherwise indicated.

additional attorney fees, stating in part: "While this court fails to see any value in continuing to distinguish between costs which are recoverable by the prevailing party on appeal, and attorneys fees recoverable on appeal, (when recoverable under C.C. § 1717), such a distinction continues in the law and must be recognized by this court. As noted in *American City Bank v. Zetlin* [*sic*] (1969) 272 C.A.2d 65, 76 Cal.Rptr. 898, there appears to be no jurisdiction in the trial court to hear and determine a motion for attorneys fees incurred on appeal absent an order to the trial court from the Court of Appeal, either in its opinion or the remittitur. *Supra,* 272 C.A.2d 69-70.

"While here, unlike the *American City Bank* case (supra), defendant did request the award of attorney fees, these were not granted by the Court of Appeal. Indeed, the opinion makes no reference whatsoever to defendants' request. The analysis in the *American City Bank* case (supra) makes it clear that this court lacks the jurisdiction to grant such a request and on that basis, defendants' request is denied without prejudice to its renewal should defendants' [*sic*] secure from the Court of Appeal appropriate direction to this court to consider defendants' motion."

We first note that while it is true defendants, in their reply brief in the first appeal, did request that this court "award Respondents costs and attorneys' fees on appeal," no argument was made and no authority was cited supporting defendants' entitlement to attorney fees on appeal. No contractual provisions which may have supported defendants' request for an award of attorney fees as an element of costs under section 1717 were called to our attention in the prior appeal and, indeed, none have been called to our attention in the present appeal. ■ This court is not required to discuss or consider points which are not argued or which are not supported by citation to authorities or the record. (*People* v. *Warren* (1963) 219 Cal.App.2d 723, 726 [33 Cal.Rptr. 552]; *People* v. *Dougherty* (1982) 138 Cal.App.3d 278, 282-283 [188 Cal.Rptr. 123].) Under these circumstances, when we awarded costs on appeal to defendants in case No. F005857, we could have had in mind only those costs provided for in California Rules of Court, rule 26(c),[2] which makes no provision for attorney fees.

---

[2] California Rules of Court, rule 26(c) states: "The party to whom costs are awarded may recover only the following, when actually incurred: (1) the cost of preparation of an original and one copy of any type of record on appeal authorized by these rules if he is the appellant, or one copy of such record if he is the respondent, subject to reduction by order of the reviewing court pursuant to subdivision (a) of this rule; provided, however, that the expense of any method of preparation in excess of the cost of preparing such record in typewriting shall not be recoverable as costs, unless the parties so stipulate, and provided, further, that the expense of copying exhibits and affidavits under rule 5(b), or of copying parts of a prior record which could be incorporated by reference under rule 11(b), shall not be recoverable as costs unless such copying is ordered by the reviewing court; (2) the reasonable cost of printing or repro-

■ Furthermore, costs on appeal do not normally include attorney fees. (See *De La Cuesta* v. *Superior Court* (1984) 152 Cal.App.3d 945, 950 [200 Cal.Rptr. 1].) Contrary to plaintiffs' present contention, however, defendants' entitlement to attorney fees on appeal under section 1717 was neither considered nor decided by us in the prior appeal.

In holding that it did not have jurisdiction to grant defendants' motion for attorney fees on appeal pursuant to section 1717, the trial court specifically relied upon *American City Bank* v. *Zetlen* (1969) 272 Cal.App.2d 65 [76 Cal.Rptr. 898]. In *Zetlen,* the prevailing party on appeal was entitled to attorney fees by virtue of a contractual provision in a promissory note. The Court of Appeal affirmed the trial court's denial of attorney fees on appeal, holding that the superior court had no jurisdiction to grant attorney fees where no authority was conferred by the appellate court in its opinion or remittitur. (*Id.* at pp. 69-70.)

However, in *T.E.D. Bearing Co.* v. *Walter E. Heller & Co.* (1974) 38 Cal.App.3d 59 [112 Cal.Rptr. 910], after first noting that the prevailing party's right to attorney fees under section 1717 is a statutory right (*T.E.D. Bearing Co., supra,* at p. 64), the Court of Appeal explained: "The original appeal in *Zetlen* was decided prior to adoption of Civil Code section 1717, and, although the second appeal was decided after the effective date of Civil Code section 1717, the *Zetlen* case made no mention of section 1717. . . . *Zetlen* distinguished *Painter* v. *Estate of Painter* (1889) 78 Cal. 625 [21 P. 433], on the grounds that, in *Painter,* the right to attorneys' fees was statutory. In the recent case of *Roberts* v. *Brian* (1973) 30 Cal.App.3d 427 [106 Cal.Rptr. 360], the appellant also cited *Zetlen* in support of his position that the trial court was without power to award attorneys' fees for services rendered on appeal, where the Supreme Court gave no directions to award attorneys' fees. The *Roberts* v. *Brian* court held that *Zetlen* did not dictate reversal because, in *Roberts* v. *Brian* as in *Painter,* the attorneys' fees were statutory and properly left to the trial court (*Roberts* v. *Brian, supra,* 30 Cal.App.3d 427, at p. 429), although there were additional reasons why the trial court had jurisdiction to make an award of attorneys' fees for services rendered on appeal in *Roberts.* In *Roberts,* as in the case before us, the right to attorneys' fees is statutory and, therefore, the trial court had jurisdiction to make an award. The *Roberts* court said that Roberts 'stood as much in need of an attorney in the appellate as in the lower court.' That reasoning applies to Heller and Lawrence as well, and the superior court below had

duction of briefs by other process of duplication; (3) the cost of production of additional evidence; (4) filing and notary fees and expense of service, transmission and filing of the record, briefs and other papers; and (5) the premium on any surety bond procured by the party recovering costs, unless the court to which the remittitur is transmitted determines that the bond was unnecessary."

jurisdiction to award attorneys' fees notwithstanding the absence of such a provision in the remittitur." (*Id*. at p. 65, fn. omitted.)

■ We agree that under section 1717 attorney fees are statutorily recoverable as costs (see *De La Cuesta* v. *Superior Court, supra,* 152 Cal.App.3d at p. 950) and further agree that in a proper case the trial court has jurisdiction to award, as an element of costs under section 1717, attorney fees incurred by the prevailing party in successfully defending or prosecuting an appeal. The trial court in the instant case, therefore, erred in holding that it lacked jurisdiction to make such an award.

Accordingly, the order appealed from is reversed and the cause remanded with directions that defendants' motion be heard and determined on its merits. Appellants to have their costs on appeal, including, if found by the trial court to be appropriate, attorney fees.

Martin, Acting P. J., and Hamlin, J., concurred.