[No. G014850. Fourth Dist., Div. Three. Aug. 8, 1996.]

HARBOUR LANDING-DOLFANN, LTD., Plaintiff and Respondent, v. STANLEY C. ANDERSON et al., Defendants and Appellants.

COUNSEL

Thomas Hood and Jeffrey W. Griffith for Defendants and Appellants.

Nichols & Andrews and Camilla N. Andrews for Plaintiff and Respondent.

OPINION

WALLIN, J.—In this case, we hold the trial court has jurisdiction to award attorney fees authorized by contract to the prevailing party on appeal as part of its costs on appeal after remittitur has issued, despite the absence of specific direction to do so from the appellate court. We reverse a trial court order denying Stanley and Mary Anderson their posttrial appellate attorney fees and costs against Harbour Landing-Dolfann, Ltd. (Harbour Landing) after they successfully defended Harbour Landing's appeal of a judgment in favor of the Andersons in a lease dispute. We remand to the trial court with instructions to award the attorney fees and costs on the original appeal and this appeal.

After a dispute arose over a rent adjustment in a ground lease, Harbour Landing, the lessee, sued the Andersons, the lessors, for declaratory relief. Section 1.81 of the lease provided: "In the event that either party is forced to file suit to enforce any of the provisions of this Lease, the prevailing party of such litigation shall be entitled to such reasonable attorney's fees as determined by the Court and for all out-of-pocket costs associated with such litigation." The Andersons prevailed at trial, and were awarded their attorney fees and costs. Harbour Landing appealed on the merits, and did not challenge the award of attorney fees to the Andersons. The Andersons again prevailed, but as they had not requested attorney fees on appeal, the opinion did not mention them. (*Harbour Landing-Dolfann, Ltd.* v. *Anderson* (Apr. 22, 1993) G012092 [nonpub. opn.].) Harbour Landing then petitioned for review by the California Supreme Court. The Andersons filed opposition, and the petition was denied. Our remittitur awarded the Andersons their costs on appeal.

The Andersons timely filed their memorandum of costs on appeal in the trial court which included $341.15 for court-ordered transcripts, $208.10 for reproduction, binding and transmission of briefs, and $25,192.50 for attorney fees on appeal. They also filed a noticed motion for attorney fees. Harbour Landing's only opposition was that attorney fees incurred by the Andersons to oppose its petition for review should be disallowed because written opposition was discretionary and those fees "were voluntarily incurred by [the Andersons], not required by any applicable rule of appellate practice or procedure . . . ."

The trial court denied the Andersons their attorney fees on appeal, concluding that because the fees were authorized by contract, not by statute, it was without jurisdiction to award them without specific instructions from the appellate court to do so. The trial court also denied the Andersons their costs on appeal.

I

The Andersons contend the trial court had jurisdiction to award attorney fees authorized by the contract regardless of the lack of specific direction from the appellate court to do so. We agree.

California Rules of Court, rule 26(c) sets forth the recoverable costs on appeal. They do not normally include attorney fees. (*M. C. & D. Capital Corp.* v. *Gilmaker* (1988) 204 Cal.App.3d 671, 677 [251 Cal.Rptr. 178]; *de la Cuesta* v. *Superior Court* (1984) 152 Cal.App.3d 945, 950 [200 Cal.Rptr. 1].) However, it is now beyond question that when attorney fees are available pursuant to statute or the parties' agreement, they are available for services both at trial and on appeal. (*Morcos* v. *Board of Retirement* (1990) 51 Cal.3d 924, 927 [275 Cal.Rptr. 187, 800 P.2d 543]; *Serrano* v. *Unruh* (1982) 32 Cal.3d 621, 637 [186 Cal.Rptr. 754, 652 P.2d 985]; *Security Pacific National Bank* v. *Adamo* (1983) 142 Cal.App.3d 492, 498 [191 Cal.Rptr. 134]; *Leaf* v. *Phil Rauch, Inc.* (1975) 47 Cal.App.3d 371, 379 [120 Cal.Rptr. 749].)

Harbour Landing contends for the first time in *this* appeal that the Andersons were not entitled to attorney fees *at all* under the lease. It argues attorney fees are only available in an action brought "to enforce" a lease provision, but its declaratory relief action was brought "seeking an *interpretation* of the [lease]" relative to its requirement to pay the increased rent claimed by the Andersons. We reject its assertion. Despite its declaratory relief nature, this action was clearly one to enforce the parties' rights under the lease. Had Harbour Landing refused to pay the amount of rent the Andersons demanded, and the Andersons filed an action for breach of the lease, the provision would surely apply. That Harbour Landing filed suit first does not defeat the attorney fees clause. (See *Milman* v. *Shukhat* (1994) 22 Cal.App.4th 538, 543 [27 Cal.Rptr.2d 526].) Furthermore, by failing to challenge the award of attorney fees at any other point in this proceeding, Harbour Landing has waived the issue. (See *Doers* v. *Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184-185, fn. 1 [151 Cal.Rptr. 837, 588 P.2d 1261].)

Because the Andersons were entitled to attorney fees on the original appeal, we next consider whether the trial court had jurisdiction to award

them, despite the lack of specific instructions from us to do so. In denying attorney fees, the trial court ostensibly relied upon a rule established in *American City Bank* v. *Zetlen* (1969) 272 Cal.App.2d 65 [76 Cal.Rptr. 898]. In that case the prevailing party on appeal was entitled to attorney fees under a provision in a promissory note. The court affirmed the trial court's denial of attorney fees on appeal, holding the trial court had no jurisdiction to grant contractual attorney fees unless the appellate court specifically gave it authority to do so in its opinion or remittitur. (*Id.* at pp. 69-70.)

Subsequent appellate court decisions clarified the rule: "Jurisdiction to make the award of attorney's fees authorized solely by contract is in the appellate court unless it otherwise directs. [Citation.] However, where the right is statutory, the trial court is authorized to award attorney's fees as part of costs on appeal notwithstanding a lack of direction in the remittitur." (*M. C. & D. Capital Corp.* v. *Gilmaker, supra,* 204 Cal.App.3d at p. 677; see also *MST Farms* v. *C. G. 1464* (1988) 204 Cal.App.3d 304, 307 [251 Cal.Rptr. 72]; *T.E.D. Bearing Co.* v. *Walter E. Heller & Co.* (1974) 38 Cal.App.3d 59, 65 [112 Cal.Rptr. 910]; *Roberts* v. *Brian* (1973) 30 Cal.App.3d 427, 429 [106 Cal.Rptr. 360].) The reason for the distinction between contractually authorized and statutorily authorized attorney fees was simple: Attorney fees authorized by statute were specifically listed as costs under Code of Civil Procedure sections 1021, 1032, 1033, and 1033.5. By contrast, contractual attorney fees were special damages and could be awarded only upon pleading and proof. Thus, they could not be taxed as costs. (See *M. C. & D. Capital Corp.* v. *Gilmaker, supra,* 204 Cal.App.3d at p. 676; *MST Farms* v. *C. G. 1464, supra,* 204 Cal.App.3d at pp. 307-308; *Mabee* v. *Nurseryland Garden Centers, Inc.* (1979) 88 Cal.App.3d 420, 427 [152 Cal.Rptr. 31]; *T.E.D. Bearing Co.* v. *Walter E. Heller & Co., supra,* 38 Cal.App.3d at pp. 61-62.)

But the distinction between a contractual and a statutory right to attorney fees, at least in the present context, is now meaningless. In 1990 the Legislature eliminated the distinction by amending Code of Civil Procedure section 1033.5 to specifically provide that "costs" include attorney fees authorized by "contract," "statute," or "law." (Code Civ. Proc., § 1033.5, subd. (a)(10); see *Bankes* v. *Lucas* (1992) 9 Cal.App.4th 365, 370-371 [11 Cal.Rptr.2d 723].) The comment following that amendment states in pertinent part, "The Legislature finds and declares that there is great uncertainty as to the procedure to be followed in awarding attorney's fees where entitlement thereto is provided by contract to the prevailing party. It is the intent of the Legislature in enacting this act to confirm that these attorney's fees are costs . . . ." (Stats. 1990, ch. 804, § 2.)

Therefore, because contractually authorized attorney fees are now listed as costs under Code of Civil Procedure section 1033.5, we hold they may either

be requested of the appellate court while the appeal is pending, or of the trial court upon issuance of the remittitur. The trial court has jurisdiction to award them, regardless of the lack of specific instructions in the opinion or the remittitur. (Accord, 2 Cal. Civil Appellate Practice (Cont.Ed.Bar 1996) § 20.16, p. 915; Eisenberg et al., Cal. Practice Guide: Civil Appeals & Writs 2 (The Rutter Group 1995) ¶ 14:115, p. 14-22.)[1]

## II

The Andersons also contend the trial court erred in denying their other costs on appeal, which included costs for copies of the record, brief reproduction and binding, and cost of brief transmission to this court and the California Supreme Court. They were entitled to their costs which were explicitly ordered in our remittitur. (Cal. Rules of Court, rule 26(c).) The trial court gave no explanation for denying the claimed costs. Harbour Landing neither contests them, nor offers any argument in support of the trial court's failure to award them. On remand the trial court shall award the appropriate costs.

The order is reversed and the matter remanded to the trial court with instructions to award appellants reasonable attorney fees and costs incurred on the original appeal in this case. The appellants are also entitled to reasonable attorney fees and costs incurred on this appeal.[2]

Crosby, Acting P. J., and Sonenshine, J., concurred.

---

[1] In view of our conclusion that the trial court has jurisdiction to award contractually authorized attorney fees, we need not consider the Andersons' contention, premised upon *M. C. & D. Capital Corp.* v. *Gilmaker, supra,* 204 Cal.App.3d 671, *MST Farms* v. *C. G. 1464, supra,* 204 Cal.App.3d 304, *T.E.D. Bearing Co.* v. *Walter E. Heller & Co., supra,* 38 Cal.App.3d 59, and *Roberts* v. *Brian, supra,* 30 Cal.App.3d 427, that Civil Code section 1717, conferring a reciprocal right to attorney fees when a contract provision awards them unilaterally, is so broad as to confer an alternative statutory right to contractual attorney fees in all contractual attorney fee cases.

[2] Such an instruction is unnecessary under our holding in this case. However, we give it out of an abundance of caution. (See *T.E.D. Bearing Co.* v. *Walter E. Heller & Co., supra,* 38 Cal.App.3d at p. 65, fn. 7.)