Filed 11/3/14  Sampson v. The Richardson Group CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| FLOYD A. SAMPSON,<br><br>  Plaintiff and Appellant,<br><br>  v.<br><br>THE RICHARDSON GROUP, INC., et al.,<br><br>  Defendants and Respondents. | G049174<br><br>(Super. Ct. No. 30-2010-00384267)<br><br>O P I N I O N |

Appeal from postjudgment orders of the Superior Court of Orange County, Geoffrey T. Glass, Judge.  Motion to Augment the record.  Orders affirmed.  Motion denied.

Floyd A. Sampson, in pro. per., for Plaintiff and Appellant.

Chambers Law Firm and Dan E. Chambers for Defendants and Respondents.

\*          \*          \*

Plaintiff Floyd A. Sampson, doing business as Sampson Electric, appeals from two postjudgment orders. The first order awarded defendants The Richardson Group (TRG), and its president, Kimm A. Richardson, attorney fees of $27,355 and costs of $3,105.37 for successfully opposing plaintiff's earlier appeal from the judgment. (*Sampson v. The Richardson Group, Inc.* (Jan. 30, 2013, G046234) [nonpub. opn.].) The second order denied plaintiff's motion to consolidate this case with TRG's two prior declaratory relief actions that had challenged the amount of a stop notice plaintiff served on the owner of a construction project.

FACTS AND PROCEDURAL BACKGROUND

The County of Orange contracted with TRG to rehabilitate and expand a county facility. In turn, TRG entered into an agreement with plaintiff to perform electrical work on the project. The electrical subcontract contained a clause authorizing TRG to recover attorney fees in any action on the agreement.

A dispute arose over the amount owed to plaintiff for his work on the project. In March 2010, plaintiff served the County with a stop notice, claiming over $202,000 under the electrical subcontract. He also sued TRG, Richardson, and others on the subcontract. The complaint alleged Richardson was personally liable for TRG's actions under an alter ego theory. Richardson subsequently moved for summary judgment. The trial court granted the motion and dismissed him from the action.

In September, TRG filed a declaratory relief action against plaintiff claiming the amount sought in his stop notice was excessive. (*The Richardson Group, Inc. v. Sampson* (Super. Ct. Orange County, 2010, No. 30-2010-00411946.) The trial court ruled the declaratory relief action was procedurally defective. Later, TRG voluntarily dismissed this action.

2

It then filed a second declaratory relief action seeking the same relief. (*The Richardson Group, Inc. v. Sampson* (Super. Ct. Orange County, 2011, No. 30-2011-00471350.) After a hearing, the trial court entered an order acknowledging: (1) "the parties do not dispute" plaintiff was owed $141,200 for his work on the project and that TRG was entitled to a credit for payments it made to material suppliers on plaintiff's behalf, and (2) "the real amount in controversy" was approximately $21,000.

After a nonjury trial, the court entered judgment for TRG. It also declared TRG to be the prevailing party and denied plaintiff's motion to vacate the judgment. Subsequently, the court awarded TRG attorney fees of $6,000. In January 2012, TRG filed a request to dismiss its second declaratory relief action.

Plaintiff appealed the judgment. He challenged the pretrial order dismissing Richardson, the judgment, and the denial of his postjudgment motion. In January 2013, this court issued an opinion affirming the trial court's rulings.

Upon remand, TRG and Richardson filed a motion seeking nearly $92,000 in attorney fees and costs for the prior appeal. Two days later, plaintiff filed a motion to consolidate this action with TRG's declaratory relief actions and requested the trial court issue an order determining the "Overall Prevailing Party" in all three actions. The court granted defendants' motion, awarding them $27,355 in fees and $3,105.37 in costs. It denied plaintiff's motion to consolidate.

DISCUSSION

*1. Introduction*

Plaintiff's notice of appeal refers to the trial court's August 27, 2013 minute order granting defendants' motion for attorney fees and costs for the prior appeal. This order is an appealable ruling. (*Citizens Against Rent Control v. City of Berkeley*

3

(1986) 181 Cal.App.3d 213, 223; see *Harbour Landing-Dolfann, Ltd. v. Anderson* (1996) 48 Cal.App.4th 260, 262-263 [reviewing order ruling on a party's right to attorney fees incurred in a prior appeal].)

The same day, the trial court denied plaintiff's motion to consolidate this action with TRG's prior declaratory relief actions. Plaintiff had argued the prior actions were relevant to the question of who was the overall prevailing party in this litigation. A ruling on a consolidation request is not independently appealable (*State Farm Etc. Ins. Co. v. Superior Court* (1956) 47 Cal.2d 428, 432), but it is an "intermediate ruling . . . which involves the merits or necessarily affects the judgment or order appealed from," and thus also subject to appellate review (Code Civ. Proc., § 906).

The bulk of plaintiff's argument in his opening brief concerns the validity of the trial court's pretrial dismissal of Richardson and the judgment for TRG entered after trial. Our prior decision affirming the trial court on all grounds constitutes the law of the case. (*Yu v. Signet Bank/Virginia* (2002) 103 Cal.App.4th 298, 309.) "Litigants are not free to continually reinvent their position on legal issues that have been resolved against them by an appellate court." (*Id.* at p. 312.)

Claiming defendants succeeded on the summary judgment motion and at trial by both presenting false evidence and concealing or suppressing relevant evidence, plaintiff argues the dismissal of Richardson and the judgment for TRG were the result of fraud. The record does not support plaintiff's contention. But even if it did, the fraud was intrinsic in nature and not a basis to vacate the now final judgment. "The prior judgment[] having been rendered by a competent court with jurisdiction of the parties and subject matter in accordance with procedural due process constitute[d a] valid, final judgment[]," and "is not subject to collateral attack." (*Kachig v. Boothe* (1971) 22 Cal.App.3d 626, 636; see *Cedars-Sinai Medical Center v. Superior Court* (1998) 18 Cal.4th 1, 10 ["After the time for seeking a new trial has expired and any appeals have

4

been exhausted, a final judgment may not be directly attacked and set aside on the ground that evidence has been suppressed, concealed, or falsified; in the language of the cases, such fraud is 'intrinsic' rather than 'extrinsic'"].) Consequently, we decline to reconsider the validity of these rulings.

Since plaintiff's motion to augment seeks to present documents solely relevant to his attack on the order granting Richardson's summary judgment motion and the underlying judgment, we deny that request.


## 2. *The Motion to Consolidate*

We review a ruling on a motion to consolidate for abuse of discretion. (*Todd-Stenberg v. Dalkon Shield Claimants Trust* (1996) 48 Cal.App.4th 976, 978-979.) Plaintiff claims the rulings on TRG's declaratory relief actions were favorable towards him and when the sum he recovered in the second action is compared with what the trial court awarded TRG after trial, it is clear he was the prevailing party. The court denied the consolidation motion because the declaratory relief actions had been dismissed and thus, were no longer pending.

The trial court properly exercised its discretion in this case. Code of Civil Procedure section 1048, subdivision (a) authorizes a court to consolidate "actions . . . *pending* before the court" where the cases "involve[e] a common question of law or fact." (Italics added.) "An action is [only] deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied." (Code Civ. Proc., § 1049.) In this case, TRG dismissed its first declaratory relief action in May 2011 and the second declaratory relief action in January 2012. Thus, as the court concluded they were no longer pending when plaintiff filed his motion to consolidate in July 2013.

Plaintiff argues the superior court clerk's entry of TRG's requests for dismissal was improper. He is wrong. "[W]here no affirmative relief has been sought in

5

the pleadings, the privilege of dismissing belongs to the plaintiff and may be exercised by him without the knowledge of the other parties or the consent of the court." (*Roski v. Superior Court* (1971) 17 Cal.App.3d 841, 845; Code Civ. Proc., § 581, subd. (b)(1) [plaintiff may dismiss action "upon written request . . . to the clerk . . . at any time before the actual commencement of trial"].) This right is "absolute" and "[n]either the clerk nor the trial court has any discretion in the matter." (*O'Dell v. Freightliner Corp.* (1992) 10 Cal.App.4th 645, 659.) Further, "'pretrial procedures not determinative of the case do not preclude voluntary dismissal.'" (*Gogri v. Jack In The Box, Inc.* (2008) 166 Cal.App.4th 255, 262.)

Plaintiff argues the trial court's order in the second declaratory relief action constituted a "final judgment" and thus the "clerk[']s dismissal [of it] was an improper administrative act." Even assuming he is correct, the court's ruling on the consolidation motion was correct. The declaratory relief order was entered on July 25, 2011. No appeal was taken from it. Thus, the order became final no later than January 23, 2012. (Cal. Rules of Court, rule 8.104(a)(1)(C).)

*3. The Award of Attorney Fees*

The trial court awarded attorney fees incurred in the earlier appeal based on the attorney fee clause in the electrical subcontract between plaintiff and TRG. (Civ. Code, § 1717, subd. (a).) In *Harbour Landing-Dolfann, Ltd. v. Anderson, supra,* 48 Cal.App.4th 260, this court held "because contractually authorized attorney fees are now listed as costs under Code of Civil Procedure section 1033.5, . . . they may . . . be requested . . . of the trial court upon issuance of the remittitur," and it "has jurisdiction to award them, regardless of the lack of specific instructions in the opinion or the remittitur." (*Id.* at pp. 264-265.)

Other than his attack on the validity of the underlying judgment, plaintiff does not dispute TRG's right to recover its attorney fees and costs in the prior appeal.

6

However, he does challenge Richardson's entitlement to attorney fees. Plaintiff argues Richardson was dismissed from the action by the pretrial order granting summary judgment without making a request for attorney fees, and, in any event, was not a party to the electrical subcontract. Defendants contend Richardson is entitled to an attorney fee award because he "had to incur" them "to defend the trial court's ruling on the motion for summary judgment" in the prior appeal.

The reasonableness of an order awarding attorney fees is reviewed for abuse of discretion, but whether a contractual attorney fee provision applies is a question of law that we review under a de novo standard. (*Plotnik v. Meihaus* (2012) 208 Cal.App.4th 1590, 1615.) This case involves the latter issue.

Initially, we note there is some doubt about whether the attorney fee award includes a separate amount for Richardson's defense. The notice of motion states defendants were seeking "an award of attorneys[] fees and costs awarded on appeal to TRG." The first argument in the attached memorandum of points and authorities is entitled, "TRG Is Entitled to Recover Its Fees . . . Incurred in the Appeal." (Boldface omitted.)

But even if the award contains a separate fee award for Richardson, we find no error. In the prior appeal, plaintiff challenged the summary judgment order dismissing Richardson. Our prior opinion upheld the trial court's conclusion that plaintiff had failed to establish he was entitled to recover additional sums for his work under the electrical subcontract. As a result, since plaintiff had alleged Richardson was liable solely under an alter ego theory, we held our ruling in TRG's favor mooted plaintiff's claims against Richardson.

In *Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, the defendants were shareholders and directors of a corporation that owned a subsidiary. The corporation endorsed promissory notes for the subsidiary which were delivered to the

plaintiff. Each note contained an attorney fee clause. Subsequently, both the corporation and the subsidiary went bankrupt. Alleging they were the alter egos of the bankrupt entities, the plaintiff sued the defendants on the notes. The defendants prevailed and were awarded attorney fees.

Although the Supreme Court reversed the amount of the award, it held the defendants were entitled to recover the portion of the attorney fees incurred to defend against the action on the promissory notes. "Had plaintiff prevailed on its cause of action claiming defendants were in fact the alter egos of the corporation . . ., defendants would have been liable on the notes. Since they would have been liable for attorney's fees pursuant to the fees provision had plaintiff prevailed, they may recover attorney's fees pursuant to [Civil Code] section 1717 now that they have prevailed." (*Reynolds Metals Co. v. Alperson, supra,* 25 Cal.3d at p. 129.)

Here, plaintiff sued Richardson in an action on the electrical subcontract alleging he was personally liable as TRG's alter ego. He succeeded in challenging plaintiff's alter ego theory and TRG ultimately prevailed on the merits, both at trial and on appeal.

Of course, since plaintiff represented himself in this action, had he succeeded in recovering for the balance of the services he claimed were due to him under the subcontract, plaintiff would not have been entitled to an award of attorney fees. (*Trope v. Katz* (1995) 11 Cal.4th 274, 292.) But *Trope* also noted, "*Any* litigant who chooses to represent himself in an action to which [Civil Code] section 1717 applies necessarily assumes the risk that he may be required to pay his opponent's attorney fees if he does not prevail, even though he will not be compensated for his own time and effort regardless of the result." (*Id.* at p. 289.) Plaintiff's decision to represent himself in this litigation should not bar Richardson's right to recover attorney fees when he was sued on a theory he was personally liable on an agreement that authorized a prevailing

party to recover attorney fees.  Thus, we conclude the award of attorney fees in this case is appropriate.

DISPOSITION

The motion to augment the record is denied.  The orders are affirmed. Respondents shall recover their costs on appeal.

RYLAARSDAM, ACTING P. J.

WE CONCUR:

MOORE, J.

THOMPSON, J.

9