Filed 10/30/20  Walters v. Moore CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| DAVID WALTERS et al., <br><br>    Plaintiffs, Cross-defendants and Respondents, <br><br>       v. <br><br> KEITH MOORE, <br><br>    Defendant, Cross-complainant and Appellant. | G058689 <br><br> (Super. Ct. No. 30-2016-00841613) <br><br> O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Nathan R. Scott, Judge.  Affirmed.  Respondents' motion for sanctions denied.

Kutak Rock, Kevin J. Grochow, Christopher P. Parrington, Andrew R. Shedlock and Edwin Richards for Defendant, Cross-complainant and Appellant.

Law Offices of Richard A. Jones, Richard A. Jones and Jarrick S. Goldhamer for Plaintiffs, Cross-defendants and Respondents.

\*          \*          \*

Two parties agreed to pay the reasonable attorney fees of the prevailing party in the event of a legal dispute.  After three years of litigation and a four-day court trial, the prevailing plaintiff, cross-defendant and respondent, Laguna Advisory Partners LLC (Laguna), requested about $320,000 in attorney fees.  Laguna attached a spreadsheet listing the number of hours its two attorneys had worked on the case and declarations supporting their hourly rates.  The trial court disallowed about $32,000 and found $287,256 to be a reasonable amount "of attorney fees at a reasonable rate."

The unsuccessful defendant, cross-complainant and appellant, Keith Moore, appeals solely from the attorney fee award.  Moore does not challenge his agreement with Laguna for the payment of its attorney fees.  Rather, Moore argues the trial court abused its discretion by setting $287,256 as the amount of "reasonable" attorney fees.

We disagree and affirm the postjudgment order.  However, we do not find this appeal to be frivolous or filed for purposes of delay, so we deny Laguna's motion for sanctions against Moore for filing the appeal.  (See Cal. Rules of Court, rule 8.276(a)(1).)


I

FACTS AND PROCEDURAL BACKGROUND

In March 2006, Laguna and Moore formed Monarch Bay Management Company LLC, which later became Cardiff Partners LLC (the Company).  The Operating Agreement states:  "The purpose of the Company is to conduct all lawful businesses that the Members deem necessary or desirable."

The Operating Agreement further provides:  "In the event that any dispute between the Company and the Members *or among the Members* should result in litigation, arbitration or any other alternative dispute resolution procedure, *the prevailing party* in such dispute shall be entitled to recover from the other party all reasonable fees, costs and expenses of enforcing any right of the prevailing party, including without limitation, *reasonable attorneys' fees* and expenses."  (Italics added.)

2

Laguna LLC and Moore are the only members of the Company. Laguna is jointly owned by David Walters (Walters) and Marian Walters. At some point, the Company took out a bank loan, which was separately guaranteed by Moore, Laguna, Walters individually, and Walters and Marian Walters as trustees of the DMW 2000 Trust (the Trust). The subsequent litigation largely involved purported oral agreements among the parties as to the repayment of the loan (the lawsuit did not involve the enforcement of the Company's Operating Agreement).

*Court Proceedings*

In March 2016, Walters filed a complaint against Moore alleging a breach of an oral contract. Walters claimed he and Moore had agreed to each pay back 50 percent of the bank loan, but Walters had paid back much more on the loan than Moore ($150,000). Walters was represented by attorneys Richard A. Jones and Jarrick S. Goldhamer (who also represented Laguna, Marian Walters, and the Trust).

In April 2016, Walters filed a first amended complaint adding three causes of action: common counts; equitable contribution; and declaratory relief.

In July 2016, Walters filed a second amended complaint.

In June 2017, Walters filed a third amended complaint in which Laguna was added as a named plaintiff.

In August 2017, Moore filed a cross-complaint.

In April 2018, Moore filed a first amended cross-complaint naming as cross-defendants Laguna, Walters and Marian Walters as individuals, and Walters and Marian Walters as trustees. There were three causes of action for contribution and one cause of action for a breach of an oral contract. Moore alleged the cross-defendants owed him $200,258.05 (jointly and severally).

In December 2018, Walters and Laguna filed a fourth amended complaint, which included a request for attorney fees.

3

In May 2019, after a four-day court trial, the trial court issued a ruling and statement of decision. On the plaintiffs' breach of oral contract and common counts causes of action, the court found Walters and Laguna had not proven their claims. On the equitable contribution cause of action "the Court finds for Plaintiffs. Plaintiff David Walters shall take $1,208.50 from Defendant Keith Moore. Plaintiff Laguna . . . shall take $60,421.95 from Defendant. [¶] On the first amended cross-complaint, the court finds for cross-defendants. Cross-complainant Keith Moore shall take nothing."

In August 2019, Laguna filed a motion seeking $321,712.50 in attorney fees from Moore. After receiving further briefing and conducting a hearing on the motion, the trial court ordered Moore to pay Laguna $287,256 in attorney fees. Moore filed an appeal from the postjudgment order. Laguna filed a motion to impose sanctions against Moore for filing the appeal. Moore filed an opposition to the motion.

II

DISCUSSION

We review a trial court's attorney fee award for an abuse of discretion. (*Ramos v. Countywide Home Loans, Inc*. (2000) 82 Cal.App.4th 615, 621.) "The amount to be awarded as attorney's fees is left to the sound discretion of the trial court. The trial judge is in the best position to evaluate the services rendered by an attorney in his [or her] courtroom; his [or her] judgment will not be disturbed on review unless it is clearly wrong." (*Vella v. Hudgins* (1984) 151 Cal.App.3d 515, 522.)

When we review for an abuse of discretion, we will not disturb a trial court's ruling unless "it 'was arbitrary, capricious or without rational basis.'" (*Yamaha Corp. of America v. State Bd. of Equalization* (1998) 19 Cal.4th 1, 8-9.) "If the trial court has made no findings the receiving court will infer all findings necessary to support the judgment and then examine the record to see if the findings are based on substantial evidence." (*Finney v. Gomez* (2003) 111 Cal.App.4th 527, 545.)

4

In this discussion we will:  A) consider the legal principles regarding attorney fee awards; B) review the relevant proceedings in this case; C) apply the law to the facts under an abuse of discretion standard of review; and D) briefly address Laguna's motion to impose sanctions against Moore for filing this appeal.

A.  *Legal Principles Regarding Attorney Fee Awards*

Generally, "each party to a lawsuit ordinarily pays its own attorney fees." (*Mountain Air Enterprises, LLC v. Sundowner Towers, LLC* (2017) 3 Cal.5th 744, 751.) However, "parties may validly agree that the prevailing party will be awarded attorney fees incurred in any litigation between themselves, whether such litigation sounds in tort or in contract."  (*Xuereb v. Marcus & Millichap, Inc.* (1992) 3 Cal.App.4th 1338, 1341.)

"Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties . . . ."  (Code Civ. Proc., § 1021.)[1]  The term "'[p]revailing party' includes *the party with a net monetary recovery*, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant."  (§ 1032, subd. (a)(4), italics added.)

When requesting a "reasonable" amount of attorney fees, litigants usually rely on lodestar:  the number of hours times a reasonable hourly rate.  Courts may then adjust the lodestar, usually by applying a positive or negative multiplier.  The court may consider a variety of factors when adjusting the lodestar amount such as the difficulty of the issues involved and the relative skill level of the attorneys. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1135.)

---

[1] Further undesignated statutory references are to the Code of Civil Procedure.

## B. *Relevant Proceedings*

Laguna filed a motion for attorney fees and attached the Company's Operating Agreement with the operative attorney fee provision. The motion also included declarations from Jones and Goldhamer, who each averred as to their education, legal experience, and hourly rates. Laguna's motion also included a declaration from an attorney who was familiar with Jones and Goldhamer. This attorney averred that "these rates reflect the reasonable market value of litigation services in the community for this type of quality business litigation experience."

Laguna's motion further included a 12-page spreadsheet detailing: each billable "activity" (e.g., "Draft Opposition to Demurrer"); the date of each activity (starting on 3/16/16 and ending on 8/22/19); the number of hours each attorney had worked on each activity (listed to the tenth of an hour); and the resulting attorney fee for each activity (e.g., $822.50 for drafting the opposition to the demurrer).

Laguna's initial attorney fee request was for a total of $321,712.50, which was the product of Jones' hours (329.9), and Goldhamer's hours (459.8) times their respective hourly rates ($650 and $235 per hour). Goldhamer later filed a supplemental declaration to correct for an overstatement of his hours (8.7); Goldhamer accordingly adjusted his attorney fee request downward ($2,044.50). Laguna did not request a multiplier.

Moore filed an opposition. Moore argued Laguna's attorneys should only be compensated for hours spent on the successful claim (equitable contribution) and not for any hours spent on the unsuccessful claims (e.g., breach of oral contract and common counts). Moore also argued Laguna was the only "arguable" member of the Company entitled to attorney fees, and therefore the award should not include any hours on behalf of Walters, Marian Walters, and the Trust. Moore further argued that "the fee submission entries" by the attorneys "begin on March 16, 2016, more than *fourteen months* before [Laguna] even became a party to the case."

6

Laguna filed a reply arguing it had received a monetary recovery on its complaint (59,213.62), and Moore received nothing on his cross-complaint; therefore, it was the "net" prevailing party. Jones also attached a second declaration stating the hours "cannot be delineated between the different named parties." Jones further averred, "my office is requesting less than 74 hours prior to beginning work on the amendment to the complaint to name Laguna . . . in June 2017, amounting to $32,412.00."

Following a hearing on the motion, the trial court filed a written ruling:

"Plaintiff [Laguna's] motion for attorney fees is granted. . . . [¶] Defendant Keith Moore shall pay $287,256 in reasonable attorney fees to plaintiff.

"[Laguna] showed it and [Moore] are parties to an extraordinarily broad attorney fees agreement: 'In the event that any dispute . . . among the Members should result in litigation . . . the prevailing party in such dispute shall be entitled to recover from the other party . . . reasonable attorneys' fees and expenses.' [Citations.]

"Notably, this is **not** an action on the written contract containing the attorney fee clause. (Cf. Civ. Code, § 1717.) This is instead an action on alleged oral agreements and for equitable contribution.

"Nonetheless, the attorney fee clause is 'phrased broadly enough' to support an attorney fee award to the prevailing party here. (See *Santisas v. Goodin* (1998) 17 Cal.4th 599, 608 [tort claims].) The clause couldn't be broader – it covers 'any dispute . . . among the Members.' [Laguna] and [Moore] were the members. [Citations.] This was certainly a dispute. [¶] And [Laguna] did prevail. It obtained a net monetary judgment on its complaint and avoided liability on the cross-complaint. (See Code Civ. Proc., § 1032, subd. (a)(4).)

"The court disallows $32,412 incurred by other parties before [Laguna] was added to the case. [Citation.] [Laguna] has withdrawn $2,044.50 from its initial request. [Citation.] The remaining fees [($287,256)] reflect a reasonable number of attorney fees at a reasonable rate."

7

## C. Application and Analysis

Laguna's motion for attorney fees was supported by a detailed spreadsheet listing the hours Jones and Goldhamer had worked on each activity. The reasonableness of their hourly rates was supported by the two attorneys' declarations, and a declaration of a third attorney. Notably, Laguna did not request a multiplier and Goldhamer candidly admitted to an error that resulted in a $2,044.50 reduction.

In short, while $287,256 is a sizable attorney fee award, the court's ruling is supported by substantial evidence and we cannot say it is "clearly wrong." (See *Vella v. Hudgins*, *supra*, 151 Cal.App.3d at p. 522.) There is also no indication the court acted in an arbitrary or capricious manner. Thus, we find no abuse of discretion.

Moore argues the trial court abused its discretion because it: 1) failed to reduce the attorney fee award for claims in which Laguna did not prevail; 2) failed to apportion the award between Laguna and three other clients of the attorneys; and 3) failed to provide an "analysis" of its ruling. We shall analyze each argument.

*1. The trial court was not required to lower the attorney fee award to account for Laguna's unsuccessful claims, nor would it have been feasible to do so.*

Moore argues: "The trial court abused its discretion when it failed to deduct and reduce [Laguna's] attorneys' fees request for claims in which it did not prevail in its attempt to enforce its rights." (Capitalization & boldfacing omitted.) Moore is mistaken because this was not an "action on a contract" containing an attorney fee provision. (See Civ. Code, § 1717, subd. (a).)

"In any action on a contract, where the contract specifically provides that attorney's fees and costs, *which are incurred to enforce that contract*, shall be awarded . . . to the prevailing party, then the party who is determined to be the party *prevailing on the contract*, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees . . . ." (Civ. Code, § 1717, subd. (a), italics added.)

8

Here, the attorney fee provision was included in the Company's Operating Agreement. But the lawsuit was not an action on that contract; rather, the litigation involved alleged oral contracts and claims of equitable contribution. Therefore, Moore's legal citations are largely inapposite because they involve actions to enforce contracts that contain attorney fee provisions under Civil Code section 1717. (See, e.g., *Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, 129 ["Where a cause of action based on the contract providing for attorney's fees is joined with other causes of action beyond the contract, the prevailing party may recover attorney's fees under [Civil Code] section 1717 only as they relate to the contract action"].)

As the trial court noted, the Company's broad attorney fee provision in its Operating Agreement required the payment of attorney fees to the "prevailing party" in "any dispute . . . among the Members." And because the court awarded Laguna $59,213.62 on its complaint and awarded Moore nothing on his cross-complaint, Laguna was plainly the prevailing "party with a net monetary recovery" in the lawsuit. (See § 1032, subd. (a)(4).) Thus, by the terms of their agreement, Moore was obligated to pay the reasonable attorney fees of the net prevailing *party* in the lawsuit (Laguna), without regard to the sole net prevailing *claim* in the lawsuit (equitable contribution).

Moreover, in our review of Laguna's spreadsheet it appears the attorneys' hours are inextricably intertwined among the various claims. For example, the 3.5 hours billed for "Draft Opposition to Demurrer" presumably applied to all the causes of action alleged in the complaint. It appears that it simply would not have been feasible for the trial court to have lowered Laguna's attorney fee award "for claims in which it did not prevail" as suggested by Moore. (See *Abdallah v. United Savings Bank* (1996) 43 Cal.App.4th 1101, 1111 [a court is not required to apportion attorney fees between claims when it reasonably finds all claims in the case were inextricably intertwined].)

9

*2. The trial court did attempt to reasonably apportion the attorney fees between Laguna and the attorneys' three other clients.*

Moore argues the trial court "failed to make <u>any</u> attempt to apportion the attorneys' fees between those parties that <u>could</u> legally recover attorneys' fees [(Laguna)] and those that could not recover attorneys' fees (David Walters, Marian Walters and the Trust) . . . ." We disagree.

The trial court disallowed $32,412 of Laguna's attorney fee request. This resulted in Jones and Goldhamer not being compensated for any of their work on the case when Walters was the sole plaintiff (from May 2016 to June 2017), prior to the filing of the third amended complaint (when Laguna was added as a named plaintiff). Thus, Moore's argument is belied by the record.

As far as hours billed after the filing of the third amended complaint, Jones averred the hours "cannot be delineated between the different named parties." Jones' statement appears credible to this court on appeal. More importantly, given the standard of review, we must presume the trial court made the same finding. (See *Finney v. Gomez, supra,* 111 Cal.App.4th at p. 545 [we must "infer all findings necessary to support the judgment"].)

In his opening brief, Moore mentions at least seven times that Laguna did not provide its "engagement letter" with Jones and/or Goldhamer. But Moore cites no legal authority stating how this would constitute an error by the trial court. Consequently, to the extent that Moore may be making that argument on appeal, it is waived. (See *Vo v. City of Garden Grove* (2004) 115 Cal.App.4th 425, 447-448 ["A brief must contain reasoned argument and legal authority to support its contentions, or the court may treat the argument as waived"].)

Moore further suggests because Laguna was only one of four clients, Laguna is entitled to only 25 percent of the $287,256 attorney fee award. This would seem to be a rather arbitrary approach to the determination of a "reasonable" amount of

10

attorney fees; and again, Moore has cited no legal authority in support of this notion.  In any event, Moore purportedly made this request in the trial court and it was presumably rejected as a matter well within the court's discretion.[2]


>    *3.  The trial court was not required to explain its "lodestar analysis" of the attorney fee award.*

Moore argues:  "The Trial Court abused its discretion when it awarded $287,256 in reasonable attorneys' fees to [Laguna] because the Trial Court never actually performed a sufficient lodestar analysis to determine if the requested attorneys' fees were reasonable."  We disagree.

A trial court is not required to explain its analysis when making an award of reasonable attorney fees.  (*In re Tobacco Cases I* (2013) 216 Cal.App.4th 570, 589 [trial court "not required to explain its rationale" for an attorney fee award]; *Gorman v. Tassajara Development Corp.* (2009) 178 Cal.App.4th 44, 101 ["there is no general rule requiring trial courts to explain their decisions on motions seeking attorney fees"]; *RiverWatch v. County of San Diego Dept. of Environmental Health* (2009) 175 Cal.App.4th 768, 776 [a trial court's ruling will not be disturbed "absent a showing that there is no reasonable basis in the record for the award"].)

Here, the trial court provided a clear and concise written ruling, which was helpful to this court on review.  The trial court did not explain its "analysis" of every component of the lodestar, but such a justification is not required.  In sum, there is a

---

[2] In his opening brief, Moore mentioned what was orally argued in the hearing on the motion for attorney fees, but Moore provided no transcript or settled statement of that hearing as part of the record on appeal.  We caution counsel on appeal to refrain from discussing matters outside of the record.  (See *Reserve Insurance Co. v. Pisciotta* (1982) 30 Cal.3d 800, 813 ["It is an elementary rule of appellate procedure that . . . an appellate court will consider only matters which were part of the record"].)

reasonable basis in the record to support Laguna's $287,256 attorney fee award. Thus, there was no abuse of the court's discretion.

## D. *Motion to Impose Sanctions*

"An appeal that is prosecuted for an improper motive—to harass the other side or to delay the effect of an adverse judgment—or that any reasonable attorney would agree is totally and completely without merit will support an award of sanctions on appeal." (*Bucur v. Ahmad* (2016) 244 Cal.App.4th 175, 192.)

"Whether to impose appellate sanctions is a matter within our discretion." (*Citizens for Amending Proposition L v. City of Pomona* (2018) 28 Cal.App.5th 1159, 1194.) However, "sanctions should be used sparingly to deter only the most egregious conduct." (*J.B.B. Investment Partners Ltd. v. Fair* (2019) 37 Cal.App.5th 1, 16-17.)

Laguna's counsel asserts that Moore's appeal is frivolous and has been filed for purposes of delay. Moore's counsel responds that the appeal was not filed "for any frivolous or dilatory purpose."

Here, we have found Moore's appeal to be meritless. But that is not the same as finding Moore's appeal to be frivolous. Generally, counsel on both sides made reasoned arguments in support of their clients. And beyond the bare assertion of Laguna's counsel, we have no evidence that Moore filed the appeal for dilatory or otherwise improper purposes. In short, we find no evidence of egregious conduct.

Thus, we deny Laguna's motion to impose sanctions against Moore for filing the instant appeal.

12

### III

### DISPOSITION

The postjudgment order is affirmed.  Costs on appeal are awarded to

Laguna.[3]


                                        MOORE, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


IKOLA, J.

---

[3] We are declining to rule on Laguna's request for attorney fees on appeal; that request may be made in the trial court upon the issuance of the remittitur.  (See *Harbour Landing-Dolfann, Ltd. v. Anderson* (1996) 48 Cal.App.4th 260, 264-265.)  Further, we deny Laguna's motion for sanctions against Moore for filing the appeal.  (See Cal. Rules of Court, rule 8.278(a)(1).)