Filed 8/22/24  Conservatorship of Das CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| Conservatorship of the Person and Estate of UMA DAS. | B330661 |
| BAISHALI DAS,<br><br>Petitioner and Appellant,<br><br>v.<br><br>LOS ANGELES COUNTY OFFICE OF THE PUBLIC GUARDIAN,<br><br>Objector and Respondent. | (Los Angeles County Super. Ct. No. 21STPB00293) |

APPEAL from an order of the Superior Court of Los Angeles County.  Lee R. Bogdanoff, Judge.  Affirmed.

Baishali Das, in pro. per., for Petitioner and Appellant.

Dawyn R. Harrison, County Counsel, Laura Quinonez, Assistant County Counsel, and Leslie R. Smith, Principal Deputy County Counsel, for Objector and Respondent.

_____

Baishali Das appeals from an order denying her petition to terminate a conservatorship over her mother Uma Das.[1] The petition alleged the conservator, the Los Angeles County Office of the Public Guardian (the Public Guardian), committed elder abuse, threatened to throw Uma on the street if she did not give up her family home, and threatened to dump her body somewhere with no cremation or burial. The probate court denied the petition, finding clear and convincing evidence that Uma still met the criteria for a conservatorship and that the conservatorship remains the least restrictive needed for Uma's protection. It further found the petition's allegations had been investigated and were not supported by the evidence.

Baishali's arguments on appeal are unclear. The majority of her brief is dedicated to discussing financial institutions' mandatory reporting duties with respect to elder abuse. As such, Baishali has failed to meet her burden to show the probate court erred in denying her petition or that the trial court's order was unsupported by the evidence. Accordingly, we affirm the probate court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

The Public Guardian received a referral for conservatorship from the Los Angeles County Department of Public and Social Services (DPSS). The referral stated Uma was 71 years old and had been unable to manage her affairs. The referral also stated that Uma had a daughter, but that contact had been unsuccessful.

---

[1]     To avoid confusion, we refer to members of the Das family by their first names, intending no disrespect.

The probate court appointed the Public Guardian as Uma's and her estate's conservator on September 15, 2021. The conservatorship order was filed on November 1, 2021, and letters of conservatorship were issued on November 3, 2021.

Baishali filed this petition on March 28, 2022. The petition alleged that Uma had been the victim of elder abuse, and that the Public Guardian "continually harass[ed] her to surrender the family home to them." The petition included a March 17, 2022 report of suspected dependent elder abuse filed with DPSS, naming David Luu with the Public Guardian as the suspected abuser. The report stated that once Luu learned that Uma had a house, he refused to let Uma sleep and tried to cancel her Medi-Cal coverage. It further alleged that Luu promised to seize Uma's house "and that if he [didn't] get it[,] he [would] throw Uma 'out onto the street.' " The report also alleged that Luu told Uma that after she passes away, "he will personally 'dump her dead body' somewhere without any cremation" which is "mandatory according to [her] Hindu religion."

On December 5, 2022, the Public Guardian filed its objection to the petition. The objection included a capacity declaration from Dr. Gadsen Johnson, M.D. Dr. Johnson stated: "[Uma] has a diagnosis of schizophrenia and dementia. She has a history of being noncompliant with her treatment. She has episodes of paranoia, feeling people are against her. She also has episodes of fabricating stories. This thought content and episodes of inappropriate behavior affects her ability to rationalize and make important decisions that pertains to medical treatment and basic necessities in life such as sustaining food, clothing and safe shelter." The objection also included correspondence from a DPSS investigator, who spoke to Luu about the conservatorship

3

and status, and indicated the investigation of Luu had been closed as of December 1, 2022.

The probate court held a hearing on the petition on February 23, 2023.  It denied the petition, finding by clear and convincing evidence that the conservatorship remained necessary to protect Uma's health and safety.  Its findings were based on Dr. Johnson's report, which reconfirmed Uma's diagnosis of dementia and schizophrenia, and that prerequisites for a conservatorship were still present.  It also found the petition's allegations had been investigated and the investigation had been closed.

Baishali appealed.

## DISCUSSION

On appeal, we presume the probate court's order is correct. (*Conservatorship of Tedesco* (2023) 91 Cal.App.5th 285, 292, fn. 4.)  We indulge all intendments and presumptions to support the order and we resolve the probate court's resolution of any factual disputes in favor of the prevailing party.  (*Ibid.*)  Where the probate court has drawn reasonable inferences from the evidence, we have no power to draw different inferences, even though different inferences may also be reasonable.  If the probate court resolved disputed factual issues, we will not substitute our judgment for the probate court's express or implied findings supported by substantial evidence.  (*Ibid.*)

The probate court may appoint a conservator if a person is unable to provide properly for his or her personal needs for physical health, food, clothing, or shelter.  (Prob. Code, § 1801, subd. (a).)  It may also appoint a conservator over an estate if a person is substantially unable to manage his or her own financial

4

resources or resist fraud or undue influence. (Prob. Code, § 1801, subd. (b).)

Before denying a petition to terminate a conservatorship, the probate court must determine by clear and convincing evidence that (1) the conservatee still meets the criteria for appointment of a conservator of the person under Probate Code section 1801, subdivision (a), a conservator of the estate under Probate Code section 1801, subdivision (b), or both; and (2) a conservatorship remains the least restrictive alternative needed for the conservatee's protection. (Prob. Code, § 1863, subd. (c).)

On appeal, it is unclear what Baishali is arguing with respect to the probate court's denial of her petition as the majority of her brief is dedicated to explaining the mandatory reporting duties of financial institutions with respect to elder abuse. While self-represented litigants may be entitled to some leeway on appeal, as the reviewing court, we do not consider points "which are not argued or which are not supported by citation to authorities or the record." (*MST Farms v. C.G. 1464* (1988) 204 Cal.App.3d 304, 306.) Further, it is the burden of appellant to show error by presenting an analysis of the facts and legal authority on each point made. If the appellant fails to do so, the arguments are forfeited. (*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324.) Because Baishali has not made any arguments with respect to the probate court's order denying her petition, she has not met her burden to show error.

Nevertheless, our review of the record does not reveal error here. The probate court's findings that Uma was unable to provide properly for her personal needs for physical health, food, clothing, or shelter or manage her financial resources or resist fraud or undue influence were supported by the capacity

declaration from Dr. Johnson, which reconfirmed Uma's medical diagnosis of a major neurocognitive disorder and her lack of capacity to give informed consent to medical treatment. It further found the petition's allegations of abuse had been investigated and that nothing was found. This finding was supported by the statement from the DPSS investigator, indicating the investigation had been closed. Further, the conservatee's counsel, who was present at the hearing, indicated that Uma was being well cared for and that her needs were being met. Based on this record, we conclude the probate court properly denied the petition to terminate the conservatorship.

## DISPOSITION

The order is affirmed. Respondent is awarded its costs on appeal.


VIRAMONTES, J.


WE CONCUR:


STRATTON, P. J.


GRIMES, J.


6